# EXHIBIT 1

T118412
6 November 2023
19:7:42

## COVER SHEET LOCAL Rule 205.2(b)

**IN COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

JOHN F. KODENKANDETH      ) **CIVIL DIVISION**

              **Plaintiff**      ) **DOCKET NO : GD23-** 012812

BLIND & VISION REHABILITATION    ) **CIVIL COMPLAINT**
OF PITTSBURGH
Ms Erika Petach, CEO
EVERETT & HURITE
HIGHMARK Health
             **DEFENDANTS**

                         **Category: Tort**

                         **Pro Se**

                         **John F. Kodenkandeth**
                         **1926 Pauline Ave, apt # 406**
                         **Pittsburgh, Pa 15216**
                         **Tel: (412) 969-xxxx**

                  412-969- 3089

**Notice: Pa RCP 1026 Notice to plead in 20 days of service, Failure to plead will result in default judgment.**
**Statutory Notice to the defendant is attached.**

Plaintiff's complaint will be filed in the Allegheny County Court of Common Pleas.

Plaintiff do NOT waive Pa RCP 1003

      /s/ John F. Kodenkandeth, Plaintiff

                                       DEPT OF COURT RECORDS
                                       CIVIL/FAMILY DIVISION
                                       ALLEGHENY COUNTY PA

                                     23 NOV -6 PM 1: 07

IN COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| JOHN F. KODENKANDETH | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff | ) | DOCKET NO : GD23- |
| | ) | |
| BLIND & VISION REHABILITATION | ) | CIVIL COMPLAINT |
| OF PITTSBURGH | ) | |
| Ms Erika Petach, CEO | ) | |
| EVERETT & HURITE | ) | |
| HIGHMARK Health | ) | |
| DEFENDANTS | | |

## NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY DAYS (20), after the Complaint and Notice are served, by entering a written appearance personally or by Attorney and by filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money, property or other rights important to you.**

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE WILL PROVIDE WITH INFORMATION FOR HIRING A LAWYER.**

**If you cannot afford a lawyer the office listed below may be able to provide information about agencies that may offer legal services to eligible persons at a reduced fee or no fee.**

**Allegheny County Bar association**
**Lawyer Referral Service**
**138 Seventh Avenue, 14th Floor, Koppers Building,**
**Pittsburgh, Pa 15219**
**Telephone 412 261-555**

1

## CERTIFICATE OF COMPLIANCE

I certify that these filings comply with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial courts* that require filing confidential information differently than non-confidential information and documents.

Submitted by: John F Kodenkandeth

Signature: /s/ John F Kodenkandeth Plaintiff

## CERTIFICATE OF VERIFICATION

I, John F. Kodenkandeth, plaintiff, do hereby verify that statements of facts set forth in the foregoing complaint are true and correct to the best of my knowledge, information and belief. I make this verification subject to the penalties of 18 Pa CSA §4904 relating to unsworn falsification to authorities.

/s/ John F. Kodenkandeth, plaintiff.

## CERTIFICATE OF SERVICE

I, certify, that I have served true copies of the Complaint filed at Allegheny County Common Pleas Court, Pittsburgh on the defendants at their address by certified acknowledgement due US mail

1) Blind & Vision Rehabilitation of Pittsburgh
   1816 Locust St,
   Pittsburgh Pa 15219
2) Everett & Hurite
   1835 Forbes Ave,
   Pittsburgh, Pa 15219
3) Highmark, Health
   120 Fifth Ave,
   Pittsburgh, Pa 15222   Tel 412 544-7000

/s/ John F. Kodenkandeth, Plaintiff

2

IN COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| JOHN  F. KODENKANDETH | ) CIVIL  DIVISION |
| | ) |
| Plaintiff | ). DOCKET NO : GD23- |
| | ) |
| BLIND & VISION REHABILITATION | ) CIVIL  COMPLAINT |
| OF PITTSBURGH | ) |
| Ms Erika Petach, CFEO | ) |
| EVERETT & HURITE | ) |
| HIGHMARK Health | ) |
| DEFENDANTS | |

## PLAINTIFF'S COMPLAINT

**AND NOW, comes the Plaintiff, John F. Kodenkandeth  files** this complaint and in

support thereof avers as follows:

THIS COMPLAINT IS NOT ABOUT MEDICAL MALPRACTICE OR PROFESSIONAL LIABILITY
AND DOES NOT REQUIRE A CERTIFICATE OF MERIT PURSUANT  TO PA RCP 1042.3;

### Definition & Abbreviations

 BVR  = Blind and Vision Rehabilitation of Pittsburgh
E & H = Everett Hurite
Highmark Health = Highmark Inc  a Healthcare  Insurance Company
Highmark Group = Consist of Highmark and its affiliated entities  eg True Hearing that operates
and sells hearing aids;
PPO = Preferred Provider Organization
CB PPO = Complete Blue Medicare advantage Plan
DHHS =United States Department of Health and Human Services,
CMS = Center for Medicare/Medicaid Services hereafter " CMS "
MAO= Medicare Advantage Organization
CFR = Code of Federal Regulations
Commonwealth of Pa Health dept ( DOH)
Commonwealth of Pa  Dept of Insurance ( DOI)
OVR = Office of Vocational Rehabilitation in Pa Dept of Labor & Industry
Attorney General of Pa  AG
US Attorney for Western district of Pa     DA
HIPA = Health Insurance Portability and Accountability Act of 1996

UTPCPL = Pa Unfair Trade Practice and Consumer Protection Law

CPT   aka Procedure Codes is a  **CURRENT PROCEDURAL TERMINOLOGY CPT codes are
the numeric codes used to identify different medical services, procedures and items for
billing purposes. When a health care provider bills Medicare to seek
 reimbursement, they will use CPT codes to list the various treatments they
 delivered. There  are literally thousands of CPT codes.**

3

**PARTIES INVOLVED IN THIS COMPLAINT:**

1.  Plaintiff, John F. Kodenkandeth is a senior citizen residing in Allegheny County of Pa;
2.  All references to defendants in the complaint, includes all defendants,
3.  Defendant Blind and Vision Rehabilitation of Pittsburgh (hereafter"BVR"), is a Medicare Provider  and participates  with defendant Highmark as a Preferred Provider organization ( PPO ) in-Network provider in Highmark's Medicare advantage Plans.
    a.  Defendant  BVR is located at 1816 Locust St, Pittsburgh, Pa 15219  in Allegheny County  of Pennsylvania;
4.  Defendant Ms Erika Petach is believed to be the Chief Executive officer (CEO) of defendant BVR for all relevant period for this complaint;
    a.  Defendant Petach refused to answer the pre-complaint interrogatories that were sent to her on or about July 14, 2023;
    b.  Hence Plaintiff  did not have access to his own medical records in the custody of defendant BVR and has to rely on publicly available informarion;
5.  Defendant Everett & Hurite ( E & H)  is a Medicare service Provider which participate as a Highmark PPO;
    a.  Defendant E & H is located at 1836 Forbes Ave, Pittsburgh, Pa 15219, in Allegheny County Pa;
6.  Defendant Highmark Health ( hereafter " Highmark " )  is a multi billion healthcare Insurance company with hundreds of Insurance plans;
    a.  Highmark is headquartered at 120 Fifth Ave, Pittsburgh, Pa 15222, in Allegheny County  Pa;
    b.  Plaintiff is a member of defendant Highmark's Complete Blue PPO Medicare advantage Plan, hereafter " CB ";
        i.   The Complete Blue PPO Medicare Advantage Plan is designated as the Medicare Advantage Organization ( MAO), by DHHS and is mandated to comply with all Medicare regulations and Code of federal regulations (CFR)
    c.  Defendant Highmark has a contract with defendant BVR to be a PPO member as of March 20, 2007 , and provide Medicare services to enrollees in defendant Highmark's Medicare advantage plans;
    d.  Defendant Highmark has a contract with defendant E & H to be a member  of the PPO  and provide Medical services to enrollees in  defendant Highmark's Medicare Advantage plans;
    e.  Complete Blue (CB)  is a Medicare advantage plan , and a Medicare advantage Organization( MAO)  designated by United States Department of Health and Human Services ( DHHS)  as a MAO to provide Medicare services to enrollees in Pa, inter alia
    f.   Complete Blue  a large  MAO that has more than several thousand  employees who work out of the large call center. And is the main point of contact for enrollees for validating Medicare health care coverage.
        i.   CB  has a member services and concierge service to help enrollees to find in network healthcare providers;
        ii.  CB is  a call Center based front office , and has no physical office that an enrollee can visit to resolve issues;

4

iii. And CB employees remain anonymous while providing services and are NOT responsible or accountable for poor services, misinformation or misrepresentations;

iv. CB, and their staff ( concierge , call center staff, sales and grievance team ) denied and refused to provide information as to their correct address or the address of their process server;

v. Plaintiff went to defendant's main office at Fifth Ave place and the armed guards at the front desk refused access to plaintiff who just wanted to serve a legal notice;

vi. Highmark and CB are an Insurance plan, and NOT A HEALTHCARE PROVIDER AND HAS NO STANDING pursuant to Pa RCP 1042.3; And a certificate of Merit is NOT required for defendant Highmark or CB;

vii. Highmark Group consists of Highmark and all entities that operate closely to enable Highmark to promote its business interest. An Example is " True Hearing " that sells Hearing aids and devices to members of Highmark health benefit plans.

7. **ARTICLE III STANDING  OF THE PLAINTIFF**

 **Plaintiff has article III Standing to bring this complaint,** against all defendants, in the state court of Pa in Allegheny County Common Pleas Court, for all the more than forty ( 40) state of Pa claims and the few ( less than three ) Federal Medicare Claims;

a) The harm , and damages done to the plaintiff can be traced to the defendants in this complaint, individually and severally;

b) And each of the more than yjirty counts will show the supporting facts and evidence to assert a prima facie claim against the defendants, infra;

c) And each of the counts will provide sufficient facts to assert a claim upon which relief can be granted pursuant to Pa RCP 1028(a)(2) to a(4);

**8)  JURISDICTION AND VENUE**

State of Pa  Common Pleas Court at Allegheny County has concurrent Jurisdiction to ADJUDICATE, DECREE AND ORDER, ANY AND ALL  STATE OF PA CLAIMS FOR MORE THAN THIRTY COUNTS STATE CLAIMS AND THE FEW MEDICARE  CLAIMS INVOLVING DHHS;

a) All the defendants involved in this complaint do business in Allegheny County of Pa;

b) And the plaintiff is a senior citizen residing  in Allegheny county of Pa;

9) **INTRODUCTION AND FACTUAL BACKGROUND:**
This COMPLAINT is not about medical malpractice or professional liability. This case is about administrative practices , corporate negligence and unfair business practices by the defendants.

10) Defendants BVR, E& H and Highmark refused to provide a copy of their service contract with CB PPO  Medicare Advantage  Plan;

5

a) Defendants' refusal to provide a copy of their service contract ( for services to enrollees ) harmed the plaintiff;

    i) This conduct allowed Defendants to engage in wilful legal indifference, and concealment of violations that are actionable under many of plaintiff's state of Pa counts in this complaint;

b) When plaintiff asked defendant Highmark to provide details of the criteria for selecting PPO such as defendant BVR and E&H , plaintiff was told to call Better Business Bureau ( BBB);

c) All the defendants engaged in wilful stonewalling to conceal wrongdoing;

d) Defendant BVR and Ms Erika Petach wilfully engaged in stonewalling and Hung up the phone at least four times. more on this conduct infra;

11) On or about March 15, 2023 Pa Dept of Labor & Industry Office of Vocational Rehabilitation ( OVR) approved a voucher for a total of $255 to defendant BVR for low vision eye examination and provide a proposal for a CATV reader for the plaintiff;

12) Based on the voucher issued to defendant BVR, on or about April 11, 2023, plaintiff visited BVR for services approved by IOVR voucher dated March 15, 2023;

a) On April 11, 2023 BVR did NOT prepare the proposal for the CATV Reader, but performed some medically unnecessary eye examinations.

b) BVR did NOT have a certified Ophthalmologist Physician as a staff member and referred the plaintiff to defendant E & H low vision EYE examination. More on this infra;

c) Defendant BVR then fraudulently billed defendant Highmark for more than $400 as if the prescription for a CATV reader was complete;

    i) Defendant BVR in addition also billed State of Pa Bureau of blindness for the dame april 11, 2023 office visit;

13) When Plaintiff asked defendant BVR for the prescribed CATV device, defendant BVR stated that plaintiff will need a new appointment and a new authorization from Pa Bureau of Blindness;

a) After much bureaucratic delays, defendant BVR gave an appointment for May 10, 2023, to perform the task that defendant failed to perform on the April 11, 2023 recommendation for an appropriate CATV reader;

b) On May 10, 2023 defendant BVR charged plaintiff $10 as co-pay even though plaintiff was NOT treated by physician for a procedure code " 99205 " for diagnosis Plaintiff was attended to by a technician. who acted as a sales person;

c) Then defendant BVR incorrectly billed Highmark for two procedure codes 97266 & 97535 for physical therapy and was paid $15.,02, and the plaintiff's co-pay was $30.

d) Defendant BVR was required to bill Pa dept bureau of blindness against the voucher issued on March 15, 2023 for approx $255;

e) The actual work performed was a sales function of showing the plaintiff a few models of CATV readers and NOT physical therapy;

    f) Defendant BVR mainly resells optical readers and magnifying equipment with a large profit markup;

14) Defendant BVR outsources their billing function to a "code enhancement " service;

    a) On or about June 30, 2023 Defendant BVR 's billing agent then sent a bill to plaintiff for the copay of $30, which was incorrect for several reasons;

        i) Plaintiff had already paid a copay of $10 on May 10, 2023 to BVR for the office visit for expert procedure code of 99205. Hence plaintiff did not owe any more copay to BVR for the May 10, 2023 office visit

        ii) Defendant BVR's billing had false billing intent, when they used a procedure code for physical therapy of 97166 and 97535 with a co pay of $30;

        iii) Further, defendant BVR's billing agent should have sent the false bill for $30 to the State of Pa Bureau of Blindness, for the voucher for $255 that was issued on March 15, 2023;

        iv) This false bill for $30 sent to plaintiff then became the starting point for defendant BVR to engage in a dispute with plaintiff.

15) Defendant BVR which had untrained and incompetent staff headed by an abusive CEO defendant Erika Petach, who then started a dispute with the plaintiff by refusing to correct the false bill for $30 , sent to the plaintiff by defendant BVR's outside billing agent;

    a) This dispute started by incompetent and untrained staff and CEO of defendant BVR, then spread to defendant Highmark and defendant E &H;

16) On or about June 30, 2023 plaintiff called defendant BVR. Ms Christa a new hire and untrained person who did NOT know anything of the billing codes or procedure , answered the phone;

    a) Ms Christa refused to correct the false bill for $30, and threatened to send the false bill for collection service;

    b) Ms Christa did not have any knowledge of the false billing procedure codes 97166, 97535, 99205. Ms Christa was an untrained new hire who used threats and hung up the phone. Plaintiff was humiliated , stigmatized, disrespected, and suffered injury to his dignity;

    c) Further Ms Christa said that she had many patients standing in front of her. This meant that plaintiff's HIPA information was disclosed to these patients. This is a HIPA violation.

17) On or about July 18, 2023 plaintiff called defendant BVR and reached Ms Chriata with the intent to resolve the false bill for $30;

    a) Ms Chriwta actually agreed that there are errors in the bill, but the bill was prepared by an outside billing service

    b) Ms Christa again refused to correct the false bill, HIPA information, and said that there were other patients in front of her who needed service, and then abruptly hung up the phone. This is HIPA violation #2;

    c) After about an hour, Plaintiff called again . Ms Christa again refused to correct the false bill and HIPA information. This time Ms Christa said that the plaintiff " was a

troublemaker, and everybody in BVR and patients standing in front of her knows that" and angrily hung up the phone;

d) Ms Christa was an untrained new hire who used threats and hung up. This was HIPA violation # 3. Plaintiff was humiliated , stigmatized, disrespected, suffered harm and affront to plaintiff'sdignity;

18) On July 19, 2023 plaintiff called defendant BVR and spoke to Ms Barbara Peterson, Director of client service. about the unprofessional conduct of Ms Cjrista;.

a) Ms Peterson, fully agreed with me 100% (, this is Ms Peterson's words) that issues of misconduct by Christa are actionable and that there were at least two HIPA law violations , and unauthorized disclosures by defendant BVR . Ms Peteraon also agreed that there were training issues, ADA violations, billing issues, and other administrative violations. MsPeterson told the plaintiff that she as the director of Client services will resolve and ameliorate these issues soon. Plaintiff asked Ms. Peterson to call back as a follow up on July 20, 2023 Ms Peterson agreed, and was cooperative and NOT hostile or stonewalling.

b) Ms Peterson agreed with the plaintiff that Ms Christa, a new hire who needed training , was unprofessional and that there were HIPA violations, when Ms Christa disclosed plaintiff's HIPA information in front of other patients and staff members;

c) Ms Peterson was " 100% in agreement ( " these are Ms Peterson's own words ") with the plaintiff regarding the false billing issues and HIPA violations;

d) Ms Peterson promised to discipline Ms Christa's unprofessional conduct , and correct the false billing problem that was NOT corrected by defendant BVR. Ms Peterson promised to get back to the plaintiff the next day July 20, 2023 to settle the false billing issue that remains unresolved, and the HIPA violations;

e) Ms Peterson failed to call back, and failed to keep her promise to settle false billing issue, HIPA violations and the unprofessional conduct by Ms Christa and defendant BVR;

f) On or about JUly 21, 2023, plaintiff wrote an official letter to Ms. Peterson about the false billing and HIPA violations, demanding corrections to these problems. Ms Petersom did NOT respond. An act of Negligence, and violation of UTPCPL.

18.5) On July 21, 2023, plaintiff called defendant BVR for Ms Peterson , but was answered by defendant Ms Erika Petach, the CEO of BVR. Ms Petach was hostile and engaged in a harangue, bullying, and hostile CEO style stonewalling. Ms.Petach said there were no HIPA violations by BVR . This is the opposite of what Ms Peterson had admitted on July 19. 2023. Defendant Ms Petach kept talking over the plaintiff and threatened to hang up. Plaintiff asked MsPetach to be professional and address the unresolved issues of false billing and HIPA violations.

a) Defendant Ms Petach , then slammed the phone , angrily, CEO style;
Defendants Petach said that BVR will " Deny Service " to the plaintiff. This is wilful discrimination, " Lunch counter style " ;

b) Defendant Ms Petch then instructed the front desk of BVR NOT to provide any services to plaintiff and NOT to transfer plaintiff to anyone in BVR. This " denial of service is a serious discrimination and retaliation, that is a violation of civil rights laws;

c) Plaintiff was humiliated , stigmatized, disrespected, and suffered injury to his dignity;

d) In short defendant BVR and Defendant Ms Petach did not resolve the false billing issues nor HIPA violations. Defendants BVR and Ms Petach had a duty to resolve plaintiff's complaints regarding, HIPA law violations, unfair business practices and other consumer protection law violations, *inter alia;*

19) On or about July 21, 2023,plaintiff wrote an official show cause and preservation of evidence letter addressed to defendant BVR and Ms Petach. There was no response;

20) On or about August 28, 2023 plaintiff sent a pre-complaint interrogatories to defendant BVR and defendant Ms Petach pursuant Pa RCP 4005 et seq.
defendants BVR and defendant Ms Petach failed to respond.

a) This failure to answer lawful pre- complaint interrogatories caused harm to the plaintiff , since basic information about the defendants were fully concealed by the stonewalling defendants BVR & Ms Petach;

21) Defendant BVR then continued to defame the plaintiff by making false statements and derogatory remarks to many people who had little or no knowledge of the plaintiff;

22) Defendant BVR did not have a retina specialist even though defendants
claim to provide low vision services, Hence plaintiff made an appointment at defendant Everett & Hurite for April 26, 2023;

23) Defendant E&H advertises itself as being a leading expert in low vision and Retina treatment.

24) One would expect E&H to comply with the American with disability Act (ADA) and accommodate the needs of low vision and macular degeneration diseases patient. like the plaintiff;

a) On April 26, 2023 plaintiff was at the E&H office. The plaintiff was required to fill out about four forms that were very small fine print

b) Plaintiff could NOT read these forms due to macular degeneration of his retina. Plaintiff asked for help from the receptionist, who was very rude and declined to help;

c) Plaintiff was given an ultimatum, if the plaintiff did not sign the legal form there will be no treatment. Hence plaintiff signed this form even though plaintiff would not read the forms;

d) In short defendant E&H did NOT comply or accommodate the plaintiff's low vision disability and hence was in violation of the ADA Title II, III , IV & V;

e) Defendant E & H's entire office including the entrance from the street level were not in compliance with ADA for accommodation for legally blind persons and patients;

f) Defendant E&H themselves were not sensitive to the needs of patients with low vision;

9

g) Defendant E& H 's office was more like a poorly operated factory with badly  programed robots, that causes harm to the patients;

h) Defendant E& H billed  defendant Highmark for two  procedure codes 92004 & 92134 and were paid $169.96. Co-pay was $10 for the plaintiff;

i) Plaintiff does have standing to bring a private legal action pursuant to ADA Title II, III , IV & V;

25) Defendant  E&H did not provide a diagnosis and required the plaintiff to come back for another appointment on May 30, 2023;.

a) On May 30, 2023  appointment, defendant E&H  billed defendant Highmark for some unnecassary test to enhance revenue  This unneeded procedure required the plaintiff to pay an additional co-pay of $11.05 over and above the regular copay of $10.

b) Defendant E& H billed plaintiff for the additional copay of $11.05. Plaintiff objected to the false copay of $11.05. Defendant refused to correct the extra charge of $11.05 and threatened to send plaintiff's account to collection agency;

26) Plaintiff then paid defendant E&H the extra false charge of $11.05;

a) On or about June 22, 2023 plaintiff, appealed the false billing for unnecessary tests and procedures  by defendant E&H to  defendant Highmark;

b) Defendant Highmark ruled in favor of the plaintiff and required defendant to remove the unnecessary  procedures  from the bill and return the the false copay od $11.05 to the plaintiff'

27) On or about 8/4/2023, plaintiff asked the defendant E&H's billing dept to refund the extra copay of $11.05 back to the plaintiff. Defendant E& H refused  $; refund $11.05 to the plaintiff;

a) Plaintiff escalated the refund of $11.05 and misconduct issues to the defendant E&H CEO Mr. Stephen Mclean;

b) Mr Stephen Mclean apologized for the misconduct by his staff, thereby admitting to  all the plaintiff's complaints. But Mr. Mclean did not follow up nor did defendant E&H refund the of $11.05 due to false billing and violations of Pa UTPCPL;

c) After the appointment and unnecessary tests performed failed to follow up and provide a diagnosis, rendering the two appointments on April 26, 2023 and May 30, 2023 useless and just a revenue enhancement  act for defendant E& H,;

d) But defendant E&H communicated to defendant BVR some impertinent comments that were read by non medical staff such Ms. Christa, the part time technicians and other unauthorized staff. This is a violation of " confidentiality of patient records " by defendants E&H and BVR;

29)  Defendant Highmark, Inc is an Insurance Company  that owns many Health care Insurance plans, including Complete Blue PPO ( CB) , a Medicare advantage plan.    Highmark is located in Allegheny County of Pa, 120 Fifth Ave, Pittsburgh, Pa 15222;

I.   CB is a Medicare advantage plan , and a Medicare advantage Organization( MAO) designated by United States Department of Health and Human Services ( DHHS) as a MAO to provide Medicare services to enrollees in Western Pa, inter alia

10

II.  CB is a large  MAO that has more than several thousand  employees who work out of the large call center. And is the main point of contact for enrollees for validating Medicare health care coverage.

    A. CB  has a member services and concierge service to help enrollees to find in network healthcare providers;

    B. CB  is  a call Center based front office , and has no physical office that an enrollee can visit to resolve disputes and issues. Highmark does have Highmark Direct stores, that are mainly sales  offices;

    C. And CB employees remain anonymous  while providing services and are NOT responsible or accountable for poor services,  misinformation or misrepresentations;

    D. CB and  their staff ( concierge , call center staff, sales and grievance team  ) denied and refused to provide information as to their correct address or the address of their process server;

    E. Defendant Highmark and CB  are Insurance plans, and  NOT A HEALTHCARE PROVIDER  AND HAS NO STANDING  pursuant to Pa RCP 1042.3; And  a certificate of Merit is NOT required for defendant Highmark Health or CB;

30) Commonwealth of Pa has the Department of Health and Department of Insurance that are intertwined in the delivery, and certification of the Medicare Advantage Plans of the DHHS that operate in Pa.

    I.  Pa Department of Health ( DOH) and Pa Dept  of Insurance ( DOI) jointly  have a duty to certify and issue a Joint Certificate of Authority for any operator of a Medicare Advantage Plan  and  a Healthcare Maintenance Organization ( HMO) in Pa;

    a) However, there is NO evidence or proof  from the Commonwealth of  Pa that they  have issued a  " Joint Certificate of Authority " to defendant Highmark , to operate Complete Blue PPO as a Medicare Advantage Plan, HMO Plan and Medicare Advantage Organization pursuant to 42 CFR 422.400 - 404 et seq,

31) Defendant Highmark as an operator of a Medicare advantage plan CB PPO, pursuant to 42 USC §1395w22 et seq,  is required to ensure that all members of its PPO   in-network providers are  in compliance with Federal, State and  local statutes and regulations, such as UTPCPL, fraudulent billing, deception, inter alia.

    a) When plaintiff filed several grievances regarding defendants BVR and E&H,defendant Highmark, simply held the grievance for about 30 to 60 days and sent a form letter stating that defendants BVR and E&H can deny service and engage in misconduct. See paragraph 9 to 28 for details supra;

    b) Defendant Highmark is in violation of 42 USC §1983 , 42 USC  §1395 et seq, 42 CFR 422.500 to 680 et seq  and violated  plaintiff's civil right and deprived the plaintiff of health, life, liberty  and  quiet happiness in his old age;

## STATE OF PA CLAIMS and FEDERAL CLAIMS  AGAINST DEFENDANT Blind and Vision Rehabilitation of Pittsburgh( BVR) AND DEFENDANT Ms. ERIKA PETACH.

**Plaintiff has alleged legally sufficient and material  facts to satisfy  all elements of the cause of actions FOR ALL  counts , state claims pursuant to Pa RCP  1028(a)(2-4) et seq.**

## PLAINTIFF COUNT 1

### Breach of Action in Assumpsit

### Against defendant BVR & Ms Erika Petach, CEO

32) Plaintiff incorporates Paragraph 1 to 31  and infra , herein;

33) Defendants BVR and CEO Ms Petach, undertook in Assumpsit to recommend a  suitable CATV reader for the plaintiff. See paragraph 1 to 32 for details; supra

    a) On or about March 15, 2023 Pa Bureau of Blindness

sent defendant a voucher for approx $255 towards the cost of making a  recommendation for a suitable CATV reader for plaintiff;

    b) On April 11, 2023,Plaintiff  was at defendant BVR's office for selecting a suitable CATV reader;

    c) Defendant BVR  failed to perform the recommendation for a suitable CATV reader as per the voucher dated March 15, 2023.

        i) Instead defendant BVR billed defendant Highmark under [procedure code 99205 for office visit ) and was paid $199.73;

        ii) Further defendant BVR billed Pa Bureau for blindness for the same  office visit again for the April 11, 2023 office visit.

        iii) Even though defendant BVR failed to perform the recommendation for a suitable CATV reader;

        iv) Defendant BVR  was negligent and  did NOT inform the plaintiff that BVR failed to send a recommendation for a suitable CATV reader

    d) When plaintiff discovered that defendant  BVR failed to perform on sending a suitable CATV reader to Pa Bureau of Blindness, plaintiff and defendant BVR;

        i) Defendant BVR made some excuses to cover up their lack of performance. And then schedued a second appointment for May 10, 2023 to complete the task that BVR failed to perform on April 11, 2023;

    e) On May 10, 2023, plaintiff was charged a copay  of $10 for an office visit with an expert;

        i) Plaintiff was met by a  part-time technician who acted like a salesperson, and allowed plaintiff  to pick a CATV model;

        ii) Defendant BVR them falsely billed defendant Highmark  under two procedure codes 97166 and 97535 for Physical therapy and was paid a total of $152.02 with a copay of $30'

        iii) There wasNO  physical therapy on May 10, 2023;

        iv) Thus was the beginning of a series of misconduct by defendant BVR that will be addressed in other counts infra;

    f) In short defendant BVR failed to perform on a timely presentation of a recommendation for  a suitable CATV reader for the plaintiff;

    g) This is a breach of assumpsit

33) **WHEREFORE,**  plaintiff respectfully requests  this honorable Court to enter judgment against the defendants  BVR and  defendant Ms. Erika Petach individually and severally,  for the following:

1) Compensatory damages;
2) Consequential damages
3) Vicarious liabilities to each of the defendants BVR and Ms Erika Petach';
4) Punitive damages to correct wilful  violation of assumpsit and defrauding and burdening a senior citizen with ADA disabilities;
5) Any and all costs, court costs, service fee, collection costs, attorney fees, administrative costs and all related costs;

And provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

Plaintiff's Count 2
Violation of Pennsylvania Unfair Trade Practices And
Consumer Protection Law ( UTPCPL) pursuant to 73 P.S. § 201.2 et seq
**Against  Defendants  BVR and  Ms. ERIKA PETACH**

Plaintiff incorporate herein by reference the allegations contained in paragraphs 1- 33 as though fully restated herein.

34) Defendants BVR  and Ms Erika Petach are  in substantial violation of the Pa Unfair Trade Practices and Consumer Protection Law (73 P. S. § 201-1 et seq.) at § 201-2 §(vii),  §§ (xiv) , §§ (xxi), fraud, deception related subsections  of UTPCPL, *inter alia*;

A.   Defendants BVR and Ms Errika Petach engaged in false billing and deceptive and unfair trade practice described in [paragraphs 1 to 34, supra;

**35)** Plaintiff has suffered damages as a result of defendants' breach of assumpsit   and violation of Pa Unfair Trade Practices and Consumer Protection laws;

a) Pursuant to UTPCPL § 201-9.2 et seq, Plaintiff  is entitled to actual damages or 100 dollars whichever is greater. In addition, the Court may award damages up to three times the actual damages sustained. May provide such additional relief as the Court deems necessary and award costs..

36) **WHEREFORE,**  plaintiff respectfully request this honorable Court to enter judgment against the defendants  BVR & Ms. Erika Petach , including but not limited to :

1) Compensatory damages;
2) Treble damages  as per UTPCPL
3) Punitive damages to correct this deceptive  conduct
4) Any and all docket costs, court fees , service fee, attorney fees  collection fees, inter alia ;

And Provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

**COUNT 3**
**Fraudulent and Deceptive billing Practice pursuant to Pa Unfair Trade Practice and Consumer Protection Law**
**Against defendant BVR and Ms Erika Petach (" Petach")**

39)  Plaintiff incorporates paragraphs 1 to 3 herein;

a) Defendants BVR and Ms Erika Petach engaged in fraudulent billing practices to enhance revenue  by filing for procedures not performed on April 11, 2023 and May 10, 2023;

**13**

b) Defendants  BVR and Ms. Peach caused billing errors and charged Plaintiff copay for $30;

c) Defendants BVR and Petach  refused to correct the billing errors and started  hostile dispute with the plaintiff by hanging up the phone at least four times, without providing any relief;

d) Defendants BVR and Petach concealed the fact that the billing function was outsourced to an  enhancement entity to which the plaintiff has no access;

e) Defendants BVR and Petach sent  duplicate billing for the same service on April 11, 2023 and May 10, 2023 to defendant Highmark  and non defendant Commonwealth of Pa Bureau of Blindness;

f) Defendant BVR and Petach engaged  in gaming the Medicare Procedure codes to enhance revenue;

g) For more details see paragraphs 1 to 37, supra;

40) **WHEREFORE,**  plaintiff respectfully request this honorable Court to enter judgment against the defendants  BVR & Ms. Erika Petach , including but not limited to :

1) Compensatory damages;
2) Treble damages  as per UTPCPL
3) Punitive damages to correct this deceptive  conduct
4) Any and all docket costs, court fees , service fee, attorney fees  collection fees, inter alia ;
5) And Provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

## COUNT 4
## NEGLIGENCE
## AGAINST DEFENDANTS BVR & Ms ERIKA PETACH

41) Plaintiff incorporates paragraphs 1 to 40 herein:

42) Pennsylvania recognises corporate negligence as an independent cause of action against corporations that have a duty of care directly to a plaintiff, separate from those of individual agents, such as a duty to hire and oversee competent staff;

a) Plaintiff had reasonable expectations that defendants BVR and Petach would provide reasonable care in compliance  with  Medicare regulations  ADA, HIPA , inter alia;

b) Defendants BVR and Petach were negligent in their duty of care they owed to a low vision senior citizen plaintiff, as defendant BVR's name suggests;

c) Defendants BVR and Petach  did NOT have a complaint and grievance procedure to address the negligence of their staff,and  management.  This is a violation of 42 FR **422.562(a)(4) abd** 42 CFR 422.564 et seq;

d) Defenants BVR and Petach were negligent in their performance  by taking more than three  months in performing  a simple task of recommending a Suitable CATV reader;

e) Defendants BVR and Petach failed to train their staff to handle billing questions professionally, without hanging up the phone  and causing  the current disputes;

f) Defendants BVR and Petach send bills and statements dated on or about June 15, 2023 , with error in the amount owed by plaintiff. And threatened to send  the erroneous bills to collection agencies;

g) Defendant Ms Petach was negligent and unprofessional by insulting and hanging up on July 21, 2023, without resolving the billing issues raised by  the  plaintiff;

14

h) Insulting and threatening the plaintiff with denial of service is a serious violation of discriminations law causing harm of STIGMA ,AND ATTACK ON THE DIGNITY of the plaintiff , *Citing Senior SCOTUS Justice Clarence Thomas, in Acheson Hotel v La'uffer*

i) See more details in paragraphs 1 to 40, supra

43) WHEREFORE,  plaintiff respectfully request this honorable Court to enter judgment against the defendants  BVR & Ms. Erika Petach , including but not limited to :

Compensatory damages;

Treble damages  as per UTPCPL

Punitive damages to correct this deceptive  conduct

Any and all docket costs, court fees , service fee, attorney fees  collection fees, inter alia ;

And Provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

## COUNT 5

### VIOLATIONS OF HIPAA , Health Insurance Portability and Accountability Act  of 1996  42 U.S. Code § 1320d−9 - Application of HIPAA regulations

### Against Defendants BVR and Ms Erika Petach

44) Plaintiff incorporates paragraphs 1 to 43 herein:

a) On or  about July 19, 2023 Ms Peterson, Director of Client services agreed with plaintiff that there were at least two HIPA violations  made by Ms Christa the new secretary at defendant BVR;

b) On July 18, 2023 Ms Christa admitted to discussing plaintiff's HIPA information in front of other patients who  were standing in front of Ms Christa;

c) On or about July 21 defendant Ms Petach  in her brief telephone threats to the plaintiff tried to reverse what Ms Peterson had agreed to  the  HIPA violations by defendant BVR;

d) Defendants BVR and Petach are  in violation  of HIPAA  and further willful concealment of the HIPAA violations;

e) Defendants BVR and Petach are in violation of Pa confidentiality of Patients records and unauthorized disclosure of plaintiff's protected healthcare informations;

f) For details see paragraph 1 to 43;

45) WHEREFORE,  plaintiff respectfully request this honorable Court to enter judgment against the defendants  BVR & Ms. Erika Petach , including but not limited to :
Compensatory damages;

Treble damages  as per UTPCPL

Punitive damages to correct this deceptive  conduct

Any and all docket costs, court fees , service fee, attorney fees  collection fees, inter alia ;

And Provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

## COUNT 6
### DEFAMATORY AND SLANDEROUS STATEMENTS AND CONDUCT OF Defendants  BVR AND Ms ERIKA  PETACH

15

46) Plaintiff incorporates paragraphs 1 to 45 herein:
   a) On or about July 18, 2023  Ms Christa made slanderous remarks and comments about the plaintiff in front  some patients standing front of her desk;
   b) Ms Christa then angrily hung up the phone two separate times in front of other patients, A slanderous and unprofessional act  and conduct'
   c) Ms Christa then communicated her slanderous opinions to other staff members in defendant BVR's office;
   d) On July 21 defendant Petach talked to plaintiff in an angry tone and hung up by slamming the phone, An  unprofessional slanderous act for all in the office to see;
   e) Defendant Ms Petach then instructed the front desk and all staff not to allow the plaintiff any access or support. This slanderous act, caused harm to the plaintiff by stigma and an attack on plaintiff's dignity, Citing Supreme Court Justice Clarence Thomas, on the  harm to one's dignity; in Acheson Hotel v Laufer oral argument
   f) Defendant Petach made several slanderous statements about the plaintiff to investigators from defendant Highmark and others;
   g) See more details in paragraph 1 to 46;

47) WHEREFORE,  plaintiff respectfully request this honorable Court to enter judgment against the defendants  BVR & Ms. Erika Petach , including but not limited to :
Compensatory damages;

Treble damages  as per UTPCPL

Punitive damages to correct this deceptive  conduct

Any and all docket costs, court fees , service fee, attorney fees  collection fees, inter alia ;

And Provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000

## COUNT 7
### Civil rights violation 42 usc  § 1983 and title VI of the Civil Rights Act Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d et seq.
### Against defendants BVR and Ms Erika Petach

48) Plaintiff incorporates paragraphs 1 to 47 herein:

   a) Defendant BVR  is a non profit organization with a charitable mission
and receives state and federal funding and hence comes under the ambit of 42 USC 1983;
   b) Defendant BVR can also be  viewed a business organization with a profit and revenue motive and hence comes under the ambit of  Title VI civil rights act of 1964'
   c) Defendant BVR and Ms Petach were sent pre -complaint interrogatories to clarify the organization status in regards to civil rights Acts. defendants BVR and Ms Petach refused to comply with the pre-complaint discovery request.
   d) Hence it is reasonable to infer that defendant BVR comes under both 42 USC 1983 and Title VI of the Civil rights Act of 1964;

49) On or about July 18, 2023  Ms Christa made slanderous remarks and comments about the plaintiff in front  of some patients standing front of her desk;
   a) Ms Christa then angrily hung up the phone two separate times in front of other patients, A slanderous and unprofessional act  and conduct'
   b) Ms Christa then communicated her slanderous opinions to other staff members in defendant BVR's office;

16

c) On July 21 defendant Petach talked to plaintiff in an angry tone and hung up by slamming the phone, An unprofessional slanderous act for all in the office to see;
d) Defendant Ms Petach then instructed the front desk and all staff not to allow plaintiff any access or support .This slanderous act, caused harm to the plaintiff by stigma and an attack on plaintiff's dignity, Citing Supreme Court Justice Clarence Thomas, on harm to one's dignity; in Acheson Hotel v Laufer oral argument
e) Defendant Petach made several slanderous statements about the plaintiff to investigators from defendant Highmark and others;
See more details in paragraph 1 to 46;

50) Defendant Ms Petach's act of denial of service to plaintiff just for asking defendant BVR to correct the billing errors, is a retaliatory and discriminating act against a minority protected class senior citizen with disability;

a) Conduct of Ms Christa, Ms Barbara Peterson and defendant Ms Erika Petach is one of racial arrogance that is prohibited by 42 USC 2983 and Title VI civil rights Act of 1964;

51) WHEREFORE, plaintiff respectfully request this honorable Court to enter judgment against the defendants BVR & Ms. Erika Petach , including but not limited to :
Compensatory damages;
Damages as per 42 USC 1983 and Title VI Civil Rights Act of 1964
Punitive damages to correct this deceptive conduct
Any and all docket costs, court fees , service fee, attorney fees collection fees, inter alia ;
And Provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

## COUNT 8
## FAILURE TO OBTAIN A " CERTIFICATE OF AUTHORITY TO PARTICIPATE AS MEMBER OF A MEDICARE ADVANTAGE PLAN SEE 42 CFR 422.400 TO 404 ET SEQ AGAINST DEFENDANTS BVR AND MS ERIKA PETACH

52) Plaintiff incorporates paragraph 1 to 51 herein:

a) Defendant BVR is a member of defendant Highmark's Medicare advantage plan Complete Blue PPO
b) Defendant BVR failed to register with the Commonwealth of Pa. Commonwealth of Pa had a duty to ensure and certify that defendants defendant BVR was properly qualified to partcipate in a Medicare advantage plan in Pa. pursuant to Medicare regulations 42 USC 1395 et seq and 42 CFR 422.400 - 404 and 42 CFR 455 et seq;
c) This failure of defendant BVR to possess the Proper " Joint certificate of authority " from Commonwealth of Pa to participate in an approved HMO plan in Pa is a violations of Medicare act and regulation 42 CFR 422.400 to 404, 455 et seq, and is the proximate cause of the harms done to the plaintiff;
d) Defendants Highmark and BVR mutually benefit from not having a proper and valid " joint Certificate of Authority" from Commonwealth of Pa;

17

53) WHEREFORE,  plaintiff respectfully request this honorable Court to enter judgment against the defendants  BVR & Ms. Erika Petach  including but not limited to :

Compensatory damages;

Treble damages  as per UTPCPL

Punitive damages to correct this deceptive  conduct

Any and all docket costs, court fees , service fee, attorney fees  collection fees, inter alia ;

And Provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

## COUNT 9
## CONFIDENTIALITY OF PATIENT RECORDS
### AGAINST DEFENDANTS BVR AND Ms. Erika Petach

54) Plaintiff incorporates paragraphs 1 to 53 herein"

    a) defendant BVR as a medicare provider and member of defendant Highmark's medicare advantage plan is required to comply with  all the  Medicare regulations  relating to confidentiality of patient records and all HIPA protected health informations;

    b) Defendant BVR is required to comply with all Pa codes, and statutes regarding Confidentiality of Patient and healthcare records.

    c) Defendant BVR violated  Medicare  and confidentiality of plaintiff's medicare and health and HIPA information. See paragraphs 1 to 59 supra

    d) Defendant does NOT maintain  a certified  secure facility for sensitive patient health records and information that is approved by any data security certification organization.

55) WHEREFORE,  plaintiff respectfully request this honorable Court to enter judgment against the defendants  BVR & Ms. Erika Petach ,including but not limited to :

Compensatory damages;

Treble damages  as per UTPCPL

Punitive damages to correct this deceptive  conduct

Any and all docket costs, court fees , service fee, attorney fees  collection fees, inter alia ;

And Provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

## COUNT 10
## VIOLATION OF AMERICANS WITH DISABILITY ACT  TItle  II , III, IV & V  ,
## 42 USC 12131, 12181-84, , 12201-4,  and 47 USC  §255, §504  et seq
## Against  defendants BVR and Ms. Erika Petach

56) Plaintiff incorporates paragraphs 1 to 55 herein:

    a) Plaintiff is a senior citizen who has disability due to low vision and hearing loss, and is eligible for accommodations under Americans with Disabilities title II, III , IV and V;

    b) Defendants BVR and Ms Petach  are required to provide Americans with Disabilities Act accommodations under title II, III. IV and V;

    c) Defendants BVR and Ms Petach whose organization deals with patients with low vision and blindness  failed to accommodate for low vision, and hearing loss;

18

d) Plaintiff filed several grievances on the subject of accommodation for low vision and hearing loss. But there was little or no accommodation for low vision;

e) Conduct of defendant BVR , Ms Petach, Ms Christa and Ms Peterson shows their disregard for plaintiff's disability. See paragraphs 1 to 49 supra ;

f) Defendants  BVR and Ms Petach are in violation of ADA Title II, III, IV and Title V;

57) WHEREFORE,  plaintiff respectfully request this honorable Court to enter judgment against the defendants  BVR & Ms. Erika Petach , including but not limited to :

Compensatory damages;

Damages  as per  ADA Act violations;

Punitive damages to correct ADA violations

Any and all docket costs, court fees , service fee, attorney fees  collection fees, inter alia ;

And Provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

## COUNT 11
## UNJUST ENRICHMENT
## AGAINST Defendants  BVR and Ms. Erika Petach

58) Plaintiff incorporates paragraphs 1 to 56;

a) Defendant BVR engaged in duplicate billing and gaming the medicare procedure codes to enhance revenue. See Paragraphs 1 to 49 Supra;

b) Defendant BVR had many untrained and part time staff members to reduce cost that resulted in poor quality of service. This resulted in unjust enrichment;

c) Defendant BVR traded in devices that were bought for low price and sold to blind and low vision patients for high mark-up  resulting in windfall profits;

d) All these unfair business practices resulted in unjust enrichment of the defendant BVR and Ms Petach

e) Most of the revenue derived is consumed as high salaries and benefits  for just five top employees who get more than 70 % of all revenue as salaries.  Defendant Ms Petach who harmed the plaintiff's  dignity   by hanging up on the plaintiff is paid more than $300,000.  This is unjust enrichment by the top five employees who are not accountable for their unprofessional conduct;

59) WHEREFORE,  plaintiff respectfully request this honorable Court to enter judgment against the defendants  BVR & Ms. Erika Petach  including but not limited to :

Compensatory damages;

Treble damages  as per UTPCPL

Punitive damages to correct this deceptive  conduct

Any and all docket costs, court fees , service fee, attorney fees  collection fees, inter alia ;

And Provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000/

## COUNT 12
## WILFUL INFLICTION OF EMOTIONAL DISTRESS
## Against defendants BVR and Ms Petach

60)  Plaintiff incorporate paragraphs 1 to 59 herein:

a) Defendants BVR and Ms Prtach by their refusal to provide proper care for the plaintiff's low vision eyes caused harm to the plaintiff that resulted in serious emotional distress and injury to the plaintiff's eyes and made it very difficult to readUS mail, notices , tac forms , inter alia;

b) Defendants had a duty to care for plaintiff's low vision that limited plaintiff's ability to function on a daily basis

c) Defendants believed that plaintiff has to accept their poor quality services and procedures, and plaintiff has to accept the damages;

d) Bad conduct of the defendants in a negligent and careless manner caused lifelong disability for the plaintiff.

e) Defendants' negligent, indifferent, self serving, and mercantile behavior caused harm and emotional distress to the plaintiff;

f) Defendants due to their negligence, lack of care, and reckless conduct, caused emotional distress , injury to the eyes, and pain and suffering to the plaintiff,

61) WHEREFORE, plaintiff respectfully request this honorable Court to enter judgment against the defendants BVR & Ms. Erika Petach including but not limited to :

Compensatory damages;

Treble damages as per UTPCPL

Punitive damages to correct this deceptive conduct

Any and all docket costs, court fees , service fee, attorney fees collection fees, inter alia ;

And Provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

## COUNT 13
## FAILURE TO COMPLY WITH COMMONWEALTH OF PA HEALTHCARE REGULATIONS AND MEDICARE ACT & REGULATIONS FOR MEDICARE ADVANTAGE (MA) APPEAL PROCESS,
### pursuant to 42 CFR 422 subpart I.M et Seq
### AGAINST DEFENDANTS BVR & Ms ERIKA PETACH

62) Plaintiff incorporates paragraphs 1 to 61 herein:

a) Defendant BVR is a medicare provider and a member of defendant Highmark's medicare advantage plan complete Blue PPO;

b) Hence defendant BVR is required to comply with all relevant medicare regulations dealing with billing , confidentiality of patient records, grievances, inter alia;

c) Defendant BVR did not comply with the Medicare regulations for grievance process, and did not have a trained person to address the false billing problem that was the starting point of the dispute in this complaint

d) Defendant BVR did NOT have a complaint and grievance procedure to address the negligence of their case management, scheduling , billing errors, UPPER Management Negligence and Corporate negligence, Violating 42 CFR 422.564; to 680 et seq;

e) And the Administrator of Defendant BVR was not available to address administrative negligence of NOT providing the plaintiff an informed consent that is required;

20

63) WHEREFORE, plaintiff respectfully request this honorable Court to enter judgment against the defendants BVR & Ms. Erika Petach , including but not limited to :

Compensatory damages;

Treble damages as per UTPCPL

Punitive damages to correct this deceptive conduct

Any and all docket costs, court fees , service fee, attorney fees collection fees, inter alia ;

And Provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

## Count 14

### VIOLATION OF BALANCE BILLING AND HEALTHCARE FEE CONTROL ACT OF PA35 P.S. § 449.31-34 et seq
### Against defendants BVR and Ms Erika Petach.

64)     Plaintiff incorporates herein by reference the allegations contained

in paragraphs 1- 63 & infra. as though restated herein.

Defendant BVR us part of Highmark in-network of Complete Blue PPO , and is required to adhere to Medicare regulations , and are NOT to engage in balance billing to the enrollee;

  a) Commonwealth of Pa has a specific statute 35 P.S. § 449.31-34 et seq, that prohibits any violations of balance billing that result in surprise billing and unlimited risk to a medicare enrollee ,such as the plaintiff;

51) Defendant " BVR is in violation of Medicare Regulations and Pa statute 35 P.S. § 449.31-34 et seq, when defendant BVR sent plaintiff erroneous bill on or about June 15, 2023 for $30 and started a dispute over balance due. Defendant BVR engaged in a scheme to cause harm to the plaintiff by engaging in balance billing; See details at Paragraph 31 to 31 et seq supra & infra;

  a) Defendant BVR by Medicare regulation is NOT allowed to charge plaintiff any amount more than the co-pay for a particular procedure;

b) Defendant BVR individually and collectively are in violation of Medicare balance billing regulations and Pa balance billing statute 35 P.S. § 449.31-34 et seq;

54) WHEREFORE, the plaintiff respectfully requests this honorable Court to enter judgment against each defendant, and defendant BVR and Ms Petach individually and severally, including but not limited to :

  1) Compensatory damages;
  2) Treble damages as per UTPCPL
  3) Vicarious liability and damages due to defendant BVR cpmdict;
  4) Punitive damages to deter misconduct and unfair trade practice by defendant BVR;
  5) Any and all costs, court costs, service fees, collection costs, attorney fees,administrative costs and any and all related costs;
  6) And provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

-------------------------------------------------------------------------------

## IN COURT OF COMMON PLEAS, ALLEGHENY COUNTY, PITTSBURGH, PA

## STATE OF PA CLAIMS AND FEDERAL CLAIMS AGAINST DEFENDANT EVERETT & HURITE

### COUNT 15
### BREACH OF ASSUMPSIT
### AGAINST DEFENDANT EVERETT & HURITE ( E & H)

**65)** Plaintiff incorporates paragraphs 1 to 31 herein:

a) Defendant Everett & Hurite ( E & H) undertook in Assumpsit to provide expert diagnosis and recommend treatment of plaintiff's macular degeneration condition in both eyes and recommend a treatment plan pursuant to McCare Act of Pa. See paragraph 1 to 31 for details; supra;

b) On or about April 26, 2023 plaintiff had an appointment with the Retina specialist at defendant E & H office at 1835 Forbes ave, Pittsburgh, Pa 15219.

c) Defendant's technical staff performed several tests that produced high false readings that were off the scale. Plaintiff objected to the false reading being used as the basis of an eye examination by the Retina specialist;

d) The Retina specialist defended the false reading of the test performed by poorly trained and rude technicians. And there was NO diagnosis performed. Plaintiff was asked to visit another doctor with defendant E&H on May 30, 2023 for an opinion of the optic nerve;

e) Plaintiff complied and visited the other doctor on May 30, 2023 . Again technician performed some medically unnecessary test not relevant to the optic nerve and provided no written opinion, The doctors assistant said that a report will sent to the April 26, 2023 doctor who will follow up with the plaintiff within a weeks time;

f) There was no follow up by defendant E & H. No diagnosis from defendant E& H and their administrative staff who handle followup appointments,

g) However defendant E &H billing crew sent bills to defendant Highmark for unnecessary procedures that were not relevant. And thus caused over billing problems and excess co pay charged to the plaintiff, and administrative problems that will be addressed in other counts infra;

h) In short defendant E &H did NOT perform any diagnosis and did NOT follow up after May 30, 2023;

i) There are NO professional liability claims against defendant E & H in this lawsuit;

j) Hence defendant E &H is in breach of Assumpsit;

66) **WHEREFORE,** plaintiff respectfully requests this honorable Court to enter judgment against defendant E&H individually for the following:

Compensatory damages;
Consequential damages
Vicarious liabilities due to the conduct of the defendants;;
Punitive damages due to the defendant for breach of Assumpsit;

22

Any and all costs, court costs, service fee, collection costs, attorney fees, administrative costs and all related costs;

And provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

### COUNT 16
### Violation of Pennsylvania Unfair Trade Practices And
### Consumer Protection Law ( UTPCPL) pursuant to 73 P.S. § 201.2 et seq
### Against  Defendant E & H

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1- 31 AND 65 as though fully restated herein.

67) Defendant E & H  is  in substantial violation of the Pa Unfair Trade Practices and Consumer Protection Law (73 P. S. § 201-1 et seq.) at § 201-2 §(vii),  §§ (xiv)  , §§ (xxi), fraud,and deception related subsections of UTPCPL, *inter alia*;

- a) Defendant E & H  engaged in false billing and deceptive and unfair trade practices described in paragraphs 1 to 31, supra;
- b) Defendant failed to refund excessive copay collected from plaintiff for medically unnecessary procedures performed to increase unjust revenue;
- c) Defendant Highmark ruled  in favor of plaintiff that defendant E & H engaged in billing for unnecessary medical procedures on or about June 2, 2023;
- d) Plaintiff has suffered damages as a result of defendants' breach of assumpsit and violation of Pa Unfair Trade Practices and Consumer Protection laws;
- e) Pursuant to UTPCPL § 201-9.2 et seq, Plaintiff is  entitled to actual damages or 100 dollars whichever is greater. In addition, the Court may award damages up to three times the actual damages sustained. May provide such additional relief as the Court deems necessary.

68) **WHEREFORE,** plaintiff respectfully requests  this honorable Court to enter judgment against defendant E&H  individually  for  the following:

Compensatory damages;
Consequential damages
Vicarious liabilities  due to the conduct of descendants;;
Punitive damages to the defendants  for breach  of Assumpsit;
Any and all costs, court costs, service fee, collection costs, attorney fees, administrative costs and all related costs;
And provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

### COUNT 17
### Fraudulent and Deceptive billing Practices pursuant to Pa Unfair Trade Practice and
### Consumer Protection Law
### Against defendant E & H

69) Plaintiff incorporates paragraphs 1 to 31 and 65 to 68 herein;
- a) Defendant  E & H engaged in billing schemes and practices to enhance revenue  by filing for procedures not performed on April 26, 2023 and May 30, 2023;
- b) Defendants  E & H  caused billing errors and charged Plaintiff additional copay for $11.05 over and above copay of $10 that  was already paid;

23

h) Defendant E & H  refused to correct the billing errors and started  hostile dispute with the plaintiff by hanging up the phone without providing any relief;

c) Defendant E& H engaged  in gaming the Medicare Procedure codes to enhance revenue;

d) For more details see paragraphs 1 to 31, supra;

70) **WHEREFORE,**  plaintiff respectfully requests  this honorable Court to enter judgment against the defendant E&H  individually  for  the following:

Compensatory damages;

Consequential damages

Vicarious liabilities  due to the conduct of descendants;;

Punitive damages to the defendants  for breach  of Assumpsit;

Any and all costs, court costs, service fee, collection costs, attorney fees, administrative costs and all related costs;

And provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

### COUNT 18
### NEGLIGENCE
### AGAINST DEFENDANT E&H

71)  Plaintiff incorporates paragraphs 1 to 31 and 65 to 70 herein:

72) Pennsylvania recognises corporate negligence as an independent cause of action against corporations that have a duty of care directly to a plaintiff, separate from those of individual agents, such as a duty to hire and oversee competent staff;

a)  Plaintiff had reasonable expectations that defendant E&H  would provide reasonable care in compliance with  Medicare regulations  ADA, HIPA , inter alia;

b)  Defendants E &H   were negligent in their duty of care they owed to a low vision senior citizen plaintiff;

c)  Defendants  E&H   did NOT have a complaint and grievance procedure to address the negligence of their staff and management.  This is a violation of 42 CFR 422.564 et seq;

d)  Defendants E&H  failed to train their staff to handle billing questions professionally, without hang up the phone  and causing current disputes;

e)  Defendants E&H  sent bills and statements dated on or about June 9, 2023 ,  with error in the amount owed by plaintiff. And threatened to send  the erroneous bills to collection agencies;

f)  Insulting and threatening the plaintiff with denial of service is a serious violation of discrimination laws causing injury of STIGMA ,AND ATTACK ON THE DIGNITY of the plaintiff . _Citing Senior SCOTUS Justice Clarence Thomas, in Acheson Hotel v Lauffer Oral arguments._ See more details in paragraphs 1 to 31, supra

73) **WHEREFORE,**  plaintiff respectfully requests  this honorable Court to enter judgment Compensatory damages;

Consequential damages

Vicarious liabilities  due to the conduct of descendants;;

Punitive damages to the defendants  for breach  of Assumpsit;

Any and all costs, court costs, service fee, collection costs, attorney fees, administrative costs and all related costs;

24

And provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000. against the defendant E&H  individually  for  the following;

## COUNT 19
### FAILURE TO OBTAIN A " CERTIFICATE OF AUTHORITY TO PARTICIPATE AS MEMBER OF A MEDICARE ADVANTAGE PLAN SEE 42 CFR 422.400 TO 404 ET SEQ AGAINST DEFENDANTS E & H

74) Plaintiff incorporates paragraph 1 to 31, AND 65 TO 73 herein:

- e) Defendant E & H  is a member of defendant Highmark's Medicare advantage plan Complete Blue PPO
- f) Defendant  Highmark and  defendant E&H  failed to  register with the Commonwealth of Pa. Commonwealth of Pa  has  a duty to ensure and certify that defendants Highmark and affiliate defendant E&H were properly qualified to participate in  a Medicare advantage  in  Pa. pursuant to Medicare regulations  42 USC 1395 et seq and 42 CFR 422.400 - 404  and  42 CFR 455 et seq;
- g) This failure of defendants  Highmark and E&H   to possess the Proper " Joint certificate of authority " from  Commonwealth of Pa to operate an approved HMO plan in Pa and violations of Medicare act and regulation 42 CFR 422.400 to 404, 455 et seq, is the proximate cause of the harms done to the plaintiff;

75) WHEREFORE,  plaintiff respectfully request this honorable Court to enter judgment against the defendants E&H , for including but not limited to :

Compensatory damages;
Consequential damages
Vicarious liabilities  due to the conduct of descendants;;
Punitive damages to the defendants  for breach  of Assumpsit;
Any and all costs, court costs, service fee, collection costs, attorney fees, administrative costs and all related costs;
And provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

## COUNT 20
### VIOLATION OF AMERICANS WITH DISABILITIES ACT  TItle  II & III, IV & V  , 42 USC 12131, 12181-84, , 12201-4,  and 47 USC  §255, §504  et seq Against  defendants  E&H

76) Plaintiff incorporates paragraphs 1 to 31 and 65 to 75herein:

- a) Plaintiff is a senior citizen who has disability due to low vision and hearing loss, and is eligible for accommodation under American with Disabilities title II, III , IV and V;
- b) Defendants E&H  are required to provide Americans with Disabilities Act accommodations under title II, III. IV and V;

25

c) Defendants E&H  whose organization deals with patients with low vision and blindness failed to accommodate for low vision, and hearing loss;

d) _ Plaintiff filed several grievances on the subject of accommodation for low vision and hearing loss. But there was little or no accommodation for low vision;

e)  Conduct  of defendant E&H shows  their disregard for plaintiff's disability. See paragraphs 1 to 49 supra ;

f) Defendants E&H  are in violation of ADA Title II, III, IV and Title V;

77) WHEREFORE,  plaintiff respectfully request this honorable Court to enter judgment against the defendants  E&H , for including but not limited to :

Compensatory damages;

Damages  as per  ADA Act violations;

Punitive damages to correct ADA violations

Any and all docket costs, court fees , service fee, attorney fees  collection fees, inter alia ;

And Provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000

## COUNT 21
## UNJUST ENRICHMENT
## AGAINST Defendants  E&H

78) Plaintiff incorporates paragraphs 1 to 31 and 65 to 77;

a) Defendant E&H  engaged in duplicate billing and gaming the medicare procedure codes to enhance revenue. See Paragraphs 1 to 31 Supra;

b) Defendant E&H had many untrained and part time staff members to reduce cost that resulted in poor service quality. This resulted in unjust enrichment;

79) WHEREFORE,  plaintiff respectfully request this honorable Court to enter judgment against the defendants  E&H , for including but not limited to :

Compensatory damages;

Consequential damages

Vicarious liabilities  due to the conduct of descendants;;

Punitive damages to the defendants  for breach  of Assumpsit;

Any and all costs, court costs, service fee, collection costs, attorney fees, administrative costs and all related costs;

And provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

## COUNT 22
## WILFUL INFLICTION OF EMOTIONAL  DISTRESS
## Against defendants E&H

80)  Plaintiff incorporate paragraphs 1 to 31 and 65 to 79  herein:

a) Defendants E&H  by their refusal to provide proper care of the plaintiff's low vision eyes caused harm to the plaintiff that resulted in serious emotional distress and injury to  the plaintiff's eyes and made it very difficult for the plaintiff to read  US mail, notices , tax forms , inter alia;

b) Defendants  E&H had a duty to care for plaintiff's low vision, and hearing that limited plaintiff's  ability to function  on a daily basis

c) Defendant E&H believed that  plaintiff has to accept their poor quality services  and procedures, and plaintiff has to accept the consequences and  damages;

d)  Bad  conduct of the defendants in a negligent and careless manner caused lifelong disability for the plaintiff.

e)  Defendants  E&H's negligent, indifferent, self serving, and mercantile behavior caused injury and emotional distress to the plaintiff;

f)  Defendants  E&H due to their negligence, lack of care, and reckless conduct, caused emotional distress , injury to the eyes and pain and suffering to the plaintiff,

81) WHEREFORE,  plaintiff respectfully request this honorable Court to enter judgment against the defendants E&H , for including but not limited to :

Compensatory damages;

Consequential damages

Vicarious liabilities  due to the conduct of descendants;;

Punitive damages to the defendants  for breach  of Assumpsit;

Any and all costs, court costs, service fee, collection costs, attorney fees, administrative costs and all related costs; .

And provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

### COUNT 23
### FAILURE TO COMPLY WITH COMMONWEALTH OF PA HEALTHCARE REGULATIONS AND MEDICARE ACT & REGULATIONS FOR MEDICARE ADVANTAGE (MA) APPEAL PROCESS,
### pursuant to 42 CFR 422 subpart I.M et  Seq
### AGAINST DEFENDANTS E&H

82) Plaintiff incpt[orates paragraphs 1 to 31  and 65 to 80 herein:

a) Defendant  E&H is a medicare provider and a member of Highmark's medicare advantage plan complete Blue PPO;

b) Hence defendant E&H  is required to comply with all relevant medicare regulations dealing with billing , confidentiality of patient records, grievances, inter alia;

c) Defendant E&H  did not comply with the Medicare regulations  for grievance process, and did not have a trained person to address the false billing problem that was the starting point of the dispute in this complaint

d) Defendant  E&H  did NOT have a complaint and grievance procedure to address the negligence of their case management, scheduling , amd billing (errors)  negligence, UPPER Management Negligence and Corporate negligence, Violating 42 CFR 422.564; to 680 et seq;

e) Defendant E&H's administrators were  not available to correct problems  caused by the unsupervised staff, and these problems were just shifted to plaintiff's cart.

27

83)  WHEREFORE,  plaintiff respectfully request this honorable Court to enter judgment against the defendants E&H , for including but not limited to :

Compensatory damages;
Consequential damages
Vicarious liabilities  due to the conduct of descendants;;
Punitive damages to the defendants  for breach  of Assumpsit;
Any and all costs, court costs, service fee, collection costs, attorney fees, administrative costs and all related costs;
And provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

## Count 24

### VIOLATION OF BALANCE BILLING AND HEALTHCARE FEE CONTROL ACT OF PA35 P.S. § 449.31-34  et seq

Against defendant E & H.

84)    Plaintiff incorporates herein by reference the allegations contained

in paragraphs 1- 31 &  65 to 83 amd  infra. as though restated herein.

Defendant  E&H  us part of Highmark  in-network of Complete Blue PPO , and is   required  to adhere to Medicare regulations , and is  NOT to engage  in balance billing to the enrollee;

a) Commonwealth of Pa  has a specific statute  35 P.S. § 449.31-34  et seq, that prohibits any violations  of balance billing  that result in surprise billing and unlimited risk  to  a medicare enrollee ,such as the  plaintiff;
b) Defendant  E&H  is in violation of  Medicare Regulations and  Pa statute  35 P.S. § 449.31-34  et seq, when defendant E &H sent plaintiff erroneous bill on or about June 9, 2023  for $11.05 and started a dispute over balance due.  Defendant  E & H engaged in a scheme to cause harm to the plaintiff by engaging in  balance billing; See details at Paragraph 1 to 31 et seq supra & infra;
c) Defendant E & H  by Medicare regulation is NOT allowed to charge plaintiff  any amount more than the co-pay for a particular procedure;
d)  Defendant  E&H   individually and collectively  are in violation of Medicare balance billing regulations and Pa balance billing statute  35 P.S. § 449.31-34  et seq;

84.5.)  WHEREFORE,  the plaintiff respectfully requests this honorable Court to enter judgment against each defendant, and defendant  E &H individually and severally, including but not limited to :

1) Compensatory damages;
2) Treble damages  as per UTPCPL
3) Vicarious liability and damages due to defendant's conduct;
4) Punitive damages to deter misconduct  and  unfair trade practice by defendant E&H ;
5) Any and all costs, court costs, service fees, collection costs, attorney fees,administrative costs  and any and all related costs;
6) And provide relief to the plaintiff for an amount exceeding the statutory  minimum of $50,000.

---------------------------------------------------------------------------

## IN COURT OF COMMON PLEAS, ALLEGHENY COUNTY, PITTSBURGH, PA
## STATE OF PA CLAIMS AND FEDERAL CLAIM

## AGAINST DEFENDANT HIGHMARK HEALTH and HIGHMARK GROUP

Plaintiff incorporates paragraphs 1 to 31 herein:

## COUNT 25
### Breach of Action in Assumpsit

### Against  Highmark Health and Highmark Group

85)    Plaintiff incorporates herein by reference the allegations contained

in paragraphs 1- 31 and infra, as though restated herein.

- a)  Defendants  Highmark Health ( Highmark )  and  Complete Blue PPO CB ) Medicare
   Advantage Plan   collectively undertook to provide healthcare services in " Assumpsit to
   the Plaintiff;
- b)  Defendant Highmark Complete Blue PPO ) CB)  is an Insurance Plan/organization that
   undertook in Assumpsit  Medicare  Advantage  HMO services and is designated  by
   defendant DHHS as the Medicare Advantage  Organization ( MAO);
- c)  Complete Blue PPO   did not follow the medicare Appeal Process and regulations
   outlined in 42 CFR 422 Part I &  M  appeal and grievance procedures and regulations;
       1. See details in Paragraphs 1 to 31;

   d) Complete Blue PPO , is an  insurance Plan closely related  to defendant Highmark and is
in breach of Assumpsit;Defendant  Highmark   has a contract with defendant DHHS to provide
Medicare Health services to enrollees like the plaintiff, through Complete Blue PPO  which is the
designated MAO;

e) Defendant  Highmark  is in breach of Assumpsit, due to  its failure and negligence to
supervise  CB  the designated MAO by DHHS;

f) And defendant Highmark continued to certify to DHHS that CB, the MAO was providing
services to enrollees, pursuant to Medicare regulations in the best interest of the enrollees.
While knowing that there are complaints from enrollees  about their unfair business practice.;
See details in paragraphs 1 to 31 supra for details;

g) Defendant Highmark  is a non-profit with assets that exceed $50 billion dollars and is focused
on the monopoly of healthcare markets . And failed to  supervise and was negligent in its
management responsibilities for the failure and misconduct of its subsidiary organizations such
as Complete Blue PP;;
See details in paragraphs 1 to 31 supra  and infra;

 In short, defendant Highmark is in breach of assumpsit and all the oral understanding that
formed the basis of the Medicare benefit due to the plaintiff;

29

**96) WHEREFORE,** plaintiff respectfully requests this honorable Court to enter judgment against the defendants Highmark individually and severally, for the following:
1) Compensatory damages;
2) Consequential damages
3) Vicarious liabilities to defendant Highmark for its subordinate entities, Highmark Group;
4) Punitive damages to correct wilful violation of assumpsit and defrauding and burdening a senior citizen with ADA disabilities;
5) Any and all costs, court costs, service fee, collection costs, attorney fees, administrative costs and all related costs;
6) Cost related to the huge administrative cost of dealing with defendants, with very large bureaucracies and lawyers;
7) Enhancement of penalties for defrauding a senior citizen with ADA disabilities;

And provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

## Count 26

### Violation of of Pa Unfair Trade Practice and Consumer Protection Laws pursuant to 73 P.S. § 201.2 et seq and all relevant sections

### Against Defendant Highmark and Highmark Group

Plaintiff incorporates herein by reference the allegations contained

in paragraphs 1- 31 & 85 to end as though restated herein

87) Defendant Highmark is in substantial violation of the Pa Unfair Trade Practices and Consumer Protection Law (73 P. S. § 201-1 et seq.) at § 201-2 §(vii), §§ (xiv) and §§ (xxi), *and all relevant sections inter alia;*

In Violation of the Pa UTPCPL defendant Highmark made untrue, deceptive and/or misleading representations that involved charging the plaintiff for medically unnecessary services and attempting to entrap the plaintiff into becoming liable for balance billing schemes with liability that would exceed $9500 due to ambiguous terms of the hearing aid benefit ;

a) Defendant Highmark used vague and ambiguous language and secrecy to avoid providing the plaintiff the Medicare benefit for hearing aids ( with proper and valid estimates for costs) that was due to the plaintiff;
b) For example Highmark has two options for hearing aids benefits. But an in-network PPO provider does not have hearing aids that are allowed by Highmark and True hearing, a provider. Hence , the plaintiff does not get a benefit for the hearing aid.
c) By using deceptive , clever and ambiguous fine print Highmark does not have to pay the claim for grating aids that are outside the plan limits; However Highmark gives the appearance that plaintiff has coverage for hearing aids; see plaintiff's complaint about hearing aids dated September 30, 2023;
d) Defendant Highmark failed to provide the " adverse initial determination forms" for hearing aids issues due to corporate negligence and unfair trade practices;

88) As a direct and proximate cause of these unfair and deceptive practices, the plaintiff has been harmed in an amount to be determined at trial;

a)  Plaintiff has suffered damages as a result of defendants' breach of Action in Assumpsit/contract  and violation of Pa Unfair Trade Practices and Consumer Protection Law.

Pursuant to UTPCPL § 201-9.2 et seq, Plaintiff is entitled to actual damages. In addition, the Court may award damages up to three times the actual damages sustained. May provide such additional relief as the Court deems necessary and award reasonable attorney fees, treble damages, punitive damages, inter alia;

**89)** WHEREFORE,  the plaintiff respectfully requests this honorable Court to enter judgment against each defendant Highmark individually and severally , including but not limited to :
1) Compensatory damages;
2) Treble damages  as per UTPCPL
3) Vicarious liability and damages due to defendants E & H , BVR  Highmark Group and other related providers,  eg True Hearing;
4) Punitive damages to deter misconduct  and  unfair trade practice by defendants;
5) Any and all costs, court costs, service fees, collection costs, attorney fees,administrative costs  and any and all related costs;
6) And provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

### Count 27

### FAILURE TO REGISTER FOR CERTIFICATE OF JOINT AUTHORITY FROM PA DEPARTMENT OF INSURANCE AND DEPARTMENT  OF HEALTH , AS REQUIRED BY DHHS PURSUANT TO 42 CFR §422.400 TO 404
### AgainstHighmark and Highmark Group

Plaintiff incorporates herein by reference the allegations contained

in paragraphs 1- 31  & 85 to 89 as though restated herein.

90) Defendant  Highmark and  defendants Highmark Group failed to  register with the Commonwealth of Pa.  Defendant Highmark had  a duty to ensure and certify that defendants Highmark " Highmark Group " were properly qualified to operate a Medicare advantage  P;an in Pa. pursuant to Medicare regulations  42 USC 1395 et seq and 42 CFR 422.400 -  404  and  42 CFR 455 et seq;

a) Defendants  Highmark  and " Highmark  Group "  & Complete Blue PPO failed to provide evidence that  they were lawfully  granted a " Joint Certificate of Authority " to operate and sell a Health Maintenance Organization HMO ,  healthcare plan in  Pa. from 1997 to the present times;
b) This is a violation of all relevant Pa codes of regulations that regulate Healthcare in Pa, Pa DOH , Pa DOI and other related departments of Pa;
c) This is a specific violation of Medicare Act and 42 CFR 422.400 to 404 , 455 et seq from 1997 to present time;
d) Defendant Highmark , which had a duty to oversee defendant " Highmark  and Highmark Group ' failed to ensure that defendants'  Highmark and Highmark Group complied with the Medicare Act and Medicare regulations 42 CFR 422.400 - 404. 455  et seq;

e) Commonwealth of Pa failed to ensure that defendants Highmark and Highmark Group complied with Pa statutes and regulation to operate safe and competent HMO plans from 1997 to the present time;

91) This failure of defendants Highmark and Highmark Group to possess the Proper " Joint certificate of authority " from Commonwealth of Pa to operate an approved HMO plan in Pa and violations of Medicare act and regulation 42 CFR 422.400 to 404, 455 et seq, is the proximate cause of the harms done to the plaintiff;

92) WHEREFORE, Plaintiff respectfully requests this honorable Court to enter judgment against all defendants Highmark and Highmark Group "individually and severally, including but not limited to :

1) Compensatory damages;
2) Treble damages as per UTPCPL
3) Vicarious liability and damages due to defendants " HighmarkGroup ;
4) Punitive damages to deter misconduct and unfair trade practice
   by defendants Highmark and Highmark group;
5) Vicarious liability to defendant Highmark Group;
6) Any and all costs, court costs, service fees, collection costs, attorney fees,administrative costs and any and all related costs
7) And provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

## Count 28

### CORPORATE NEGLIGENCE

### Against Defendants Highmark and Highmark Group "

Plaintiff incorporates herein by reference the allegations contained

in paragraphs 1- 31 & 85 to 92 infra as though restated herein.

93) Pennsylvania recognises corporate negligence as an independent cause of action against corporations that have a duty of care directly to a plaintiff, separate from those of individual agents, such as a duty to hire and oversee competent staff;

Plaintiff had reasonable expectations that defendant Highmark would honor its obligation to the senior citizens insured, based on the clear fact that DHHS gave the contract to defendant Highmark based on the commitment that defendants would provide the Medicare enrollees Health Care that was better than that given by the original Medicare programs that were directly operated by DHHS;

I. Defendants Highmark and Highmark Group were negligent in their duty of care they owed to a senior citizen.
II. Defendants ` Highmark and Highmark'" often stated their concern for the vulnerable population to obtain the Medicare Advantage HMO plan contract from DHHS;
III. However, management of defendants `Highmark and Highmark group " isolated themselves from the medicare Advantage HMO plan enrollee, by erecting walls and layers of call centers and layers of anonymous clerks, who have little or no authority to correct any enrollee problems or concerns;

**32**

94) These call Center clerks are not allowed even to send emails to enrollees

   a) The call center clerks mainly accost and bully enrollees about personal identification under the pretext of security which often takes more than nine (9) minutes,

   b) After the verification of the identity , the call center clerk has little or no information to correct concerns of the enrollee;

   c) Plaintiff has filed more than nine grievances and tried more than twenty times unsuccessfully to reach a management level person with authority, within defendant Highmark and Highmark Group ";

   d) The higher Level Management at defendant Highmark and Highmark Group " have erected many layers of walls to avoid enrollees like the plaintiff;

      1. This is gross negligence and wilful corporate negligence;

95) Refusing to provide plaintiff benefits owed under Complete Blue PPO Medicare advantage HMO plan, and the use of unfair trade practices to limit the benefits owed to enrollees is wilful corporate negligence, that results in unjust enrichment for Highmark and Highmark Group;

   a) Defendants `Highmark and Highmark Group's , strategy of using telephone call center clerks , who have little or no knowledge of medical procedures, who are not licensed insurance agents, and who owe the plaintiff no duty of care, amounts to corporate negligence in common law;

   b) Defendant Highmark's violation of Pennsylvania Insurance Bad faith statutes, and engaging in corporate negligence, amounts to violations of good faith and fair dealing covenants recognized in Pennsylvania common law .

96) Defendants `Highmark and Highmark Group's corporate Negligence is a tool used by defendants to increase corporate profits and limit benefits to Medicare Advantage Plan enrollees;

   a) Since defendant DHHS pays defendants Highmark and Highmark Group` a fixed premium,hence the less benefits defendants Highmark and Highmark Group " provides to Medicare Advantage Plan enrollee , the more profit or revenue defendants Highmark and Highmark Group makes for itself;

   b) In short Corporate Negligence , and stone walling leads to more profits for defendants Highmark and Highmark Group;

   c) As the result of corporate negligence the plaintiff has been harmed and damaged, and has to live with diminished abilities of eyesight and hearing;

97) Defendants did <u>NOT have a complaint and grievance procedure to address the negligence of their UPPER management and Corporate Negligence. This is a violation of 42 CFR 422.564 et seq;</u>

   a) Defendants failed to provide plaintiff with due process notice of the specific grievance procedures that defendant Highmark is required to provide by Medicare regulations;

   b) Defendants failed to provide plaintiff with due process notice for all the different appeal processes that were applicable to the plaintiff through defendant Highmark Medicare Advantage HMO plan, and the Medicare Original Appeal process operated by CMS of the department of Health & Human Services ( DHHS);

   c) Defendant failed to provide due process notice and defendants' negligence will cause plaintiff to spend a lot of money hiring attorneys, expert witnesses and various other specialists during the appeal process;

    d) The biggest  corporate negligence is that the  defendants' upper management are
       shielded from  accountability for negligence. And this results in more profits;
          a. This is not the intention of the Medicare act;
             Hence defendants are in violation  of the DHHS enabling contract with the
             defendants;

98) WHEREFORE,  Plaintiff respectfully requests this honorable Court to enter judgment
against  all  defendants Highmark and Highmark Group individually and severally, including but
not limited to :

1) Compensatory damages;

2) Treble damages  as per UTPCPL

3) Vicarious liability and damages due to defendant's Highmark Group;

4)   Punitive damages to deter misconduct  and  unfair trade practice by defendants Highmark
andHighmark  group;

5) Vicarious liability due to defendant Highmark Group ";
 6) Any and all costs, court costs, service fees, collection costs, attorney fees,administrative
costs  and any and all related costs;
7) And provide relief to the plaintiff for an amount exceeding the statutory  minimum of $50,000.

### Count 29

### UNJUST ENRICHMENT

### Agains Highmark and Highmark Group

99) .  Plaintiff incorporates herein by reference the allegations contained

in paragraphs 1-31 & 85 to 89 infra  as though restated herein.


100) Defendants  failed to provide follow-up treatment for Medical problems and issues for Eyes
and Ears, of the plaintiff. This resulted in  unjust enrichment  for the defendant Highmark.

Defendant Highmark was unjustly enriched by the value of the benefit owed to the plaintiff, and
interest accrued on that amount;
    a) Defendants make the false arguments that plaintiff has a contract with the defendants,
       that bars the plaintiff from claims of unjust enrichment;  Plaintiff does not have a contract
       with the defendants, for anything;
    b) Plaintiff is a member of Highmark CB ,a Medicare Advantage  HMO plan, which is not a
       contract;
    c) Hence defendants benefited  and enriched themselves unlawfully by abandonment of the
       plaintiff's follow up  treatments, for eyes and ears;
    d) Further the defendants benefited from increased premium rates every year. And
       defendant Highmark charges as copay for hearing aids  as high as $1000 for each ear;
    e) And defendants have a  corporate strategy of blocking enrollees from getting the benefits
       and HMO benefits owed to them which results in millions of dollars of unjust enrichment
       to the defendants;

**34**

f) Plaintiff demands  disgorgement of all the ill gotten and unjust enrichment  to be  paid to the plaintiff.

101) WHEREFORE,  Plaintiff respectfully requests this honorable Court to enter judgment against  all  defendants and  Highmark and Highmark Group " individually and severally, including but not limited to :

1) Compensatory damages;

2) Treble damages  as per UTPCPL

3) Vicarious liability and damages due  to Highmark Group "

4)   Punitive damages to deter misconduct  and  unfair trade practice by defendants Highmark and Highmark group ;

5) Disgorgement of all unjust enrichment and ill gotten revenue to be be granted to the plaintiff;
 6) Any and all costs, court costs, service fees, collection costs, attorney fees,administrative costs  and any and all related costs;
7) And provide relief to the plaintiff for an amount exceeding the statutory  minimum of $50,000.

### Count 30

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### Against  defendant Highmark and HighmarkGroup

102)   Plaintiff incorporates herein by reference the allegations contained

in paragraphs 1-31 and 85 to 101  & infra as though restated herein.

a) Defendants by their refusal to provide proper care for the plaintiff's eyes and hearing caused harm to the plaintiff that resulted in serious pain ,injury and emotional distress to the plaintiff;

b) Defendants  had a duty to care for plaintiff's low vision, and hearing that limited    plaintiff's ability to function  on a daily basis ;
c) Defendants caused damage to plaintiff's eyes and ears due negligent lack of care and treatment;
    I.    And some administrative clerks attempted to get the plaintiff to sign a form that will make the plaintiff liable for all balance billing that could exceed $9500, including  hearing aids . See paragraph 1 to 31 for details;
    II.    There was no treatment provided, and there was no followup. This is a violation of the Medicare Advantage  HMO plan  that defendants are being paid for the plaintiff;
    III.    Again Plaintiff has to bear the harm done by poor performance of the defendants;
103) Defendants carelessly ignored plaintiff's  Eye and Ear  problems, even though defendants owed a duty of care to the plaintiff, not to cause pain, injury suffering and emotional distress;

    a) Defendants' negligent, indifferent, self serving, and mercantile behavior caused harm and emotional distress to the plaintiff;
    b) Defendants due to their negligence, lack of care, and reckless conduct, caused emotional distress , pain and suffering to the plaintiff, including , but not limited to the following:

**35**

c) This Caused emotional distress, pain and suffering to the plaintiff by forcing the plaintiff to live with diminished mobility, low vision and poor hearing;

d) That caused daily pain and emotional distress. See Para 20 to 39 Supra;

e) When plaintiff was in pain and called defendants to overcome plaintiff's Eye and Ear problems, Plaintiff was placed in a catch 22 that resulted in the plaintiff to call more than 10 times, with little or no results;

f) Of these 10 calls to defendants lasted at least 20 minutes on the phone, with little or no results. Plaintiff has filed more than five (5) grievances, with little or no results;

g) By not responding to the plaintiff's call for emergency relief, defendants caused injury and emotional distress to the plaintiff. Plaintiff suffered daily emotional distress at the careless misconduct and failure of the defendants to perform their duty for which defendants have been paid in advance every month automatically and on time;

h) Defendant caused injury, anguish and pain, when defendants caused the plaintiff to be in a catch 22 position, with no options except to file a lawsuit and endure years of burdensome and costly legal process;

104)   WHEREFORE, Plaintiff respectfully requests this honorable Court to enter judgment against all defendants and Highmark and " Highmark Group " individually and severally, including but not limited to :

1) Compensatory damages;

2) Treble damages as per UTPCPL

3) Vicarious liability and damages to defendants " Highmark Group "

4)   Punitive damages to deter misconduct and unfair trade practice by defendants " Highmark group " ;

5) Any and all costs, court costs, service fees, collection costs, attorney fees,administrative costs and any and all related costs;

6) And provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

### Count 31

### BREACH AND VIOLATION OF GOOD FAITH AND FAIR DEALING COVENANT
### Against Highmark and" Highmark Group "

Plaintiff incorporates herein by reference the allegations contained

in paragraphs 1- 31 & 85 to 104 infra as though restated herein.

105)   DHHS,entered into a contract for a Medicare Advantage HMO plan with defendants Highmark in good faith to provide Social Security healthcare coverage for senior citizens in Pa . And defendant Highmark has a fiduciary duty to the plaintiff and other senior citizen enrollees, to provide Medicare healthcare benefits , to eligible enrollees, in good faith and fair dealing basis;

I.   Defendants Highmark breached the good faith and fair dealing covenants of the contract with defendant DHHS, and the beneficiaries such as the plaintiff;

**36**

II.   Defendant Highmark and  Highmark group " engaged in wilful misuse of the DHHS contract to medicare to engage in unjust enrichment and other deceptive  misconduct outlined in the more than 40  counts in this complaint;

III.   And defendants  Highmark and Highmark Group " refused to provide plaintiff a copy of the DHHS contract claiming that the DHHS contract was confidential and private;

    A.  This concealment of the DHHS contract handicapped the plaintiff in his efforts to confront and argue against the defendant Highmark and " Highmark group " during the appeal process and this litigation;

    B.  Plaintiff's complaints  to defendant DHHS against defendants were ignored;

    C.  Plaintiff had reasonable expectation that defendant Highmark would honor its obligation to senior citizens , based on the clear fact that the proximate cause of plaintiff's damages and harm were due to the failure of  the defendants to provide the Medicare Advantage services that were due to the plaintiff ;

106) In refusing to provide plaintiff benefits owed under Highmark Insurance HMO services , despite the fact that defendant Highmark knew that  the language of  subject insurance HMO services  was ambiguous,defendant was acting in Bad faith and with common law negligence;

    a)  Defendant Highmark's  strategy of using telephone call center clerks , who have little or no knowledge of medical procedures, who are not licensed insurance agents, and who owe the plaintiff no duty of care, amounts to corporate negligence in common law. and violation of a good faith dealing covenant  in the DHHS contract;

b) These call center clerks  remain anonymous and there is no tracking number to know the status of any issues raised with these clerks and one cannot  reach the same clerk again. There is always  a new clerk who has no idea of what  happened to the issue raised with the previous clerk;

c) Defendants Highmark and Highmark  Group's  breach and violation of the Good Faith and fair dealing covenant of the  DHHS  Medicare Advantage Contract, resulted in harm to the plaintiff;

107)  WHEREFORE,  Plaintiff respectfully requests this honorable Court to enter judgment against  all  defendants and Highmark and Highmark  Group " individually and severally, including but not limited to :

1) Compensatory damages;

2) Treble damages  as per UTPCPL

3) Vicarious liability and damages due  to defendant's " Highmark  Group "

4)   Punitive damages to deter misconduct  and  unfair trade practice by defendants  Highmark and " Highmark group ";

5) Damages due to unjust enrichment by Highmark and Highmark Group; 6) Any and all costs, court costs, service fees, collection costs, attorney fees,administrative costs  and any and all related costs;

7) And provide relief to the plaintiff for an amount exceeding the statutory  minimum of $50,000.

## Count 32

### VIOLATION OF AMERICANS WITH DISABILITY ACT Title II & III, IV & V , 42 USC 12131, 12181-84, , 12201-4, and 47 USC §255, §504 et seq
### Against Defendant Highmark and Highmark Group

Plaintiff incorporates herein by reference the allegations contained

in paragraphs 1- 31 , qnd 85 to 107  as though restated herein.


108) Plaintiff is a senior citizen who has disability due to low vision and hearing loss, and is eligible for accommodation under American with Disabilities title II, III , IV and V;

   I.   Defendants Highmark and Highmark Group " are required to provide Americans with Disabilities Act accommodations under title II, III. IV and V;

   II.   Defendants Highmark and Highmark  group  failed to accommodate for low vision, and hearing loss  in their duines operations;

   III.   Plaintiff filed several grievances on the subject of accommodation for low vision and hearing loss. But there was little or no accommodation for low vision and hearing loss on a regular basis;

   IV.   Defendants are in violation of ADA Title II, III, IV and Title V;


109) WHEREFORE, Plaintiff respectfully requests this honorable Court to enter judgment against  all  defendants Highmark and Highmark  Group  individually and severally, including but not limited to :

1) Compensatory damages;

2) Treble damages  as per UTPCPL

3) Vicarious liability and damages to defendants Highmark and  Highmark Group "

4)  Punitive damages to deter misconduct  and  unfair trade practice by defendants  Highmark and Highmark group

5)  Damages due to  unjust enrichment and ill gotten revenue

 6) Any and all costs, court costs, service fees, collection costs, attorney fees,administrative costs  and any and all related costs
;7)  And provide relief to the plaintiff for an amount exceeding the statutory  minimum of $50,000.


## Count 33

### Civil rights violation 42 usc  § 1983 and title VI of the Civil Rights Act Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d et seq.
### Against Highmark and Highmark  Group


110)   Plaintiff incorporates herein by reference the allegations contained

in paragraphs 1- 131 and 85 to 109 & infra  as though restated herein:

106) Defendants Highmark  and Highmark Groare all funded by Federal contracts from defendant DHHS, to perform Medicare Advantage services  for  the benefit of the plaintiff;

I.   Hence these defendants are Private state actors, acting on behalf of DHHS , for the purposes 42 USC   § 1983;
II.  And these defendants while acting on behalf of state and federal agency DHHS, deprived the plaintiff of Medicare Benefits, and plaintiff's property interest in the Social Security interest due to the plaintiff;
III. Plaintiff has been deprived of pursuit of happiness and all the healthcare benefits that are owed from Social Security and Medicare benefits;

111) Defendants Highmark and Highmark Group   violated  plaintiff's civil rights pursuant to  42 USC  § 1983;

I.   Defendants Highmarh and Highmark Group  and are also  in violation  of plaintiff's constitutional rights pursuant to the 14th Amendment of the US Constitution.and related constitutional rights;
II.  Defendants receive federal funds ;
III. Defendants often  claim to be private corporations and nonprofit organizations. Hence defendants are also in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d et seq. ("Title VI") Title VI prohibits discrimination on the basis of race, color, or national origin in any program or activity that receives Federal funds or other Federal financial assistance.

112  WHEREFORE,  Plaintiff respectfully requests this honorable Court to enter judgment against  all  defendants and Highmark and Highmark Group " individually and severally, including but not limited to :

1) Compensatory damages

2) Vicarious liability and damages due to Highmark  Group "

3)   Punitive damages to deter misconduct  and  unfair trade practice by defendants Highmark group ;

4) Vicarious liability to defendant " Highmark  Group  ;
5)All damages due to  unjust enrichment and ill gotten revenue;
6) Damages and penalties for violation of plaintiff's civil Rights pursuant to 42 USC  § 1983;
7) Damages due to violations of Title VI Civil rights Act
 8) Any and all costs, court costs, service fees, collection costs, attorney fees,administrative costs  and any and all related costs;
8) And provide relief to the plaintiff for an amount exceeding the statutory  minimum of $50,000.

## Count 34

### Entrapment by Estoppel

### AGAINST  defendant Highmark and Highmark Group

114)   Plaintiff incorporates herein by reference the allegations contained

39

in paragraphs 1- 31 and 85 to 112  as though restated herein.

111)  On or about April 5, 2023, plaintiff  was led to believe by the concierge of   Defendant  Highmark's PPO network partners defendantsBVR and E&H  were properly equipped to perform the CPT 92242   for retina Fluorescein Diagnostic  procedures.

Defendant " Highmark CB PPO  " concierge  was provisioning  general infirmation that was not based on any verification . . Defendant  BVR and  were Not properly equipped to perform the CPT 92242 imaging.

I.  Plaintiff believing defendant Highmark's concierge was entrapped by the Doctrine of Estoppel;

115) Again for the appointment for September 1, 2023 at the defendant Highmark's True hearing Audiology Center, plaintiff believed the Concierge, that the Audiology Center was a reputable organization that  will not engage in fraudulent balance billing practices that are prohibited by Medicare and 35 Pa   §449.32 et seq;  True hearing a partner of Highmark engaged in unfair trade  practice of entrapment of plaintiff in undefined liability for hearing aids not covered by Highmark  CB PPO plan;

I.  Again  plaintiff believing the defendant Highmark's concierge was entrapped by the Doctrine of Estoppel; See details at  para 20 to 39 Supra;

116)  WHEREFORE,  Plaintiff respectfully requests this honorable Court to enter judgment against  all  defendants and  Highmark and Highmark  Group  individually and severally, including but not limited to :

1) Compensatory damages;

2) Treble damages  as per UTPCPL

3) Vicarious liability and damages  due to defendants  Highmark Group ;

4)   Punitive damages to deter misconduct  and  unfair trade practice by defendants " Highmark group ";

5) All  damages  for unjust enrichment and ill gotten revenue;

 6) Any and all costs, court costs, service fees, collection costs, attorney fees,administrative costs  and any and all related costs;

7) And provide relief to the plaintiff for an amount exceeding the statutory  minimum of $50,000.

### Count 35

### Defendant Highmark  failed to supervise/oversee  the  Medicare Advantage CB PPO members Against  defendant Highmark and Highmark  Group

Plaintiff incorporates herein by reference the allegations contained

in paragraphs 1- 31 to 116  as though restated herein;

117) Medicare act requires that all Medicare advantage HMO Plan operators such as  defendant " Highmark  Group  and PPO   must meet  42 CFR  **§ 422.400 to 404, & 455 , 562*a), 564 et seq;**

   I.   That means  the defendants Highmark and all PPO in-network members are required to
        obtain a  " Joint certificate of Authority " from Pa DOH and PaDOI to operate and manage
        a Medicare Advantage HMO Plan in the Commonwealth of Pa;
   a)  Based on plaintiff's due diligence and inquiry with Pa DOI and Pa DOH, defendant
        Highmark CB PPO members  do NOT have a " Joint Certificate of Authority " to operate
        a Medicare advantage HMO plan in Pa , during the period  from 1997 to the present time;

118) Defendants Highmark and Commonwealth of Pa have a duty  to ensure the Health and
welfare of citizens, by making sure that operators of Medicare advantage HMO plans are always
properly Certified and follow all state laws and common law statutes at the federal, state and
local jurisdictions;

   I.   Defendants Highmark CB PPO  Commonwealth And defendants  Highmark Group " are
       in violation of 42 CFR  § 422.400 to 404,&  455et seq and other related medicare statutes
       and regulations;
   II.  And defendant Highmark  and Commonwealth of Pa failed to supervise and Certify
       defendants  Highmark Group";

119) **WHEREFORE**,  Plaintiff respectfully requests this honorable Court to enter judgment
against  all  defendants and  Highmark and Highmark Group " individually and severally,
including but not limited to :

1) Compensatory damages;

2) Treble damages  as per UTPCPL

3) Vicarious liability and damages due to defendant  Highmark Group;

4)   Punitive damages to deter misconduct  and  unfair trade practice by defendants  Highmark
group;

6) All  damages due to unjust enrichment and revenue;
7) Damages and penalties for violation of plaintiff's civil Rights pursuant to 42 USC  § 1983  and
Title VI Civil rights Act of 1964;
 8) Any and all costs, court costs, service fees, collection costs, attorney fees,administrative
costs  and any and all related costs;
9) And provide relief to the plaintiff for an amount exceeding the statutory  minimum of $50,000.

### COUNT 36

### False statements, and medicare fraud

### pursuant to 42 U.S.C. § 1395nn(b)(2)

#### AGAINST Defendant Highmark and Highmark Group

120) Plaintiff incorporates herein by reference the allegations contained

in paragraphs 1-31 & 119  as though restated herein.

121) Defendants Highmark and Highmark Group  through their Call Center concierge service
often steered patients  to facilities owned  or affliated by defendants.

**41**

I.  This happened when the defendant's concierge service referred the plaintiff to defendants BVR and E&H who were not equipped to perform modern techbnology CPT 92242 for Fluorescein Angiography imaging.

    A.  Defendant BVR and E&H charged for unnecessary medical services that had little or no value to the plaintiff;

    B.  When plaintiff filed grievances with defendant Highmark, these grievances were ignored with an unsigned form letter,after a waiting period exceeding 30 to 60 days.

    C.  This conduct by defendant Highmark violates 42 U.S.C. § 1395nn(b)(2). see Para 1 to 112 supra for more detail can be a conflict of interest, or similar unethical circular relationship. And violates 42 U.S.C. § 1395nn(b)(2). See Para 1 to 122 supra for more details,

121.5) Different affiliates of defendant Highmark and Highmark Group' work together to keep all the medicare Advantage Business within the defendant's own ecosystem, at the expense of the enrollee

I.  The conduct of the defendants Highmark Group " is a conflict of interest, that is a violation of 42 U.S.C. § 1395nn(b)(2).

II.  To remedy the deficiencies in the statute and achieve more certainty, the present version of 42 U.S.C. § 1395nn(b)(2) was enacted. It provides:

"Whoever knowingly and willfully offers or pays any remuneration (including any kickback, bribe or rebate) directly or indirectly, overtly or covertly in cash or in kind to induce such person-to purchase, lease, order, or arrange for or recommend purchasing ... or ordering any ... service or item for which payment may be made ... under this title, shall be guilty of a felony."

III.  Conflict of interest is at the heart of defendants operations

122) WHEREFORE, Plaintiff respectfully requests this honorable Court to enter judgment against all defendants and Highmark and Highmark Group individually and severally , including but not limited to :

1) Compensatory damages;

2) Treble damages as per UTPCPL

3) Vicarious liability and damages due to defendants " Highmark Group "

4) Punitive damages to deter misconduct and unfair trade practice by defendants Highmark and Highmark Group ;

5) All damages due to unjust enrichment;

6) Any and all costs, court costs, service fees, collection costs, attorney fees,administrative costs and any and all related costs;

7) And provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000.

## COUNT 37

### Engaging in "Bad faith " to deny and avoid payments and benefits to Plaintiff pursuant to 42 Pa CSA § 8371 et seq.

**AGAINST defendant HighMark and  CB PPO  engaged in Insurance business**

126) Plaintiff incorporates herein by reference the allegations contained

in paragraphs 1 - 31 & 85 to- 124  as though restated herein.

This claim arises from  Pennsylvania " bad faith " insurance statute pursuant to 42 PA C.A.S. §
8371 et seq;

126.5) Defendant Highmark and CB PPO , acted in bad faith towards the plaintiff, by its arbitrary
capricious and bad faith denial of plaintiff's claim for benefits related to the" Eye  related claims
and ear related claims . see details in Para 20  to 124  supra;

- a) Defendant Highmark ,   purposely trained telephone call center clerks to play word
games, delay tactics, secret grievance process,  and false referral, to deny claims and
benefits to the plaintiff;
  - i)   Defendants failed to communicate pertinent information to the plaintiff.
  - ii)   For example Highmark call center I member services clerk claim they  have no
idea of Highmark's main legal address, Even after several calls and actual physical
visit to Higmarks head office at 5th Avenue office  plaintiff was not able to get a
legal address for serving the original legal process. Security guards refused entry
and information;
- b) Defendant Highmark , failed to conduct a reasonable investigation of the claim related to
plaintiff's claim and greviance..
- c) Defendants failed to process plaintiff's grievances regarding the failure to provide  the
proper medically necessary  treatment CPT code of 92242, and  Hearing aid;
- d) Defendant Highmark CB PPO , failed to attempt to come to a fair and reasonable
settlement   when liability was clear;
- e) Highmark Failed  to promptly provide a reasonable explanation for denial of a claim
- f) Defendant Highmark wilfully used the long and arduous Medicare appeal procedure  to
deny treatment to the plaintiff, mainly to avoid payment for the treatment  and engaged in
unjust enrichment;

127) WHEREFORE,  Plaintiff respectfully requests this honorable Court to enter judgment
against all  defendants  Highmark and Highmark group  individually and severally  including but
not limited to:

1) Compensatory damages pursuant 42 Pa CSA § 8371 et seq

2) Treble damages  as per UTPCPL

3) Vicarious liability and damages due to defendants Highmark  Group;

4)   Punitive damages to deter misconduct  and  unfair trade practice by defendants  Highmark
and Highmark group

5) All damages due to unjust enrichment ;
 6) Any and all costs, court costs, service fees, collection costs, attorney fees,administrative
costs  and any and all related costs;
7) And provide relief to the plaintiff for an amount exceeding the statutory  minimum of $50,000.

**COUNT 38**

**PRIVATE CIVIL ACTION , RACKETEER INFLUENCED CORRUPT ORGANIZATION( RICO)**
**PURSUANT TO 18 U.S.C. §1961 TO § 1968 et seq,**
**AGAINST Defendant  Highmark and Highmark Group /**

**130)**  Plaintiff incorporates herein by reference the allegations contained

in paragraphs 1-31 & 85 to 129  as though restated herein:

   I.    Defendant Highmark Health is an Insurance Company that operates in Pa and
       nationwide;
  II.   Complete Blue PPO is a Medicare Advantage Plan  pursuant to  42 USC 1395 et seq;
  III.  Defendant  Highmark  is not a hospital, clinic or a natural person with a Professional
      License,  with a license to be  a Physician or any other healthcare related professions.
         a.  Defendant Highmark has no standing pursuant to Pa RCP 1042.3 . Hence plaintiff
           is not required to file a certificate of merit for defendant Highmark;

132) State courts of Pennsylvania have concurrent jurisdiction over private civil RICO actions
pursuant to 18 U.S.C. §1961 to §1968 et seq, and state private civil action is not barred by
McCarran-Ferguson Act;

  A. Plaintiff has standing to assert a private RICO claim against defendants  Highmark and
     Highmark  Group ;
  B. Plaintiff was harmed by the civil RICO predicate acts of the defendants, Highmark and
     Highmark , Group  causing  injuries and damages listed on plaintiff's counts 25 , through
     to Counts 41, included;
  C. Plaintiff's injury has a causal relationship to defendants " Highmark Group "  including
     violation of 18 U.S.C. §1962 et seq prohibited acts and violation of 18 U.S.C. §1964(c) et
     seq;
  D. Plaintiff's injury and damage flow from the predicate acts pursuant to 18 U.S.C. §1962(c)
     et seq;
  E. Plaintiff, a senior citizen was the target  of the defendants  Highmark and Highmark
     Group's  unlawful RICO activities;

Predicate act of " Pattern of Activities of Highmark and Highmark  Group "

133) Defendants  Highmark , including Complete Blue PPO are in violation of Civil  RICO
actions prohibited pursuant to 18 U.S. C. §1961 et seq and §1962(a) to (d) and §1968 et seq;

  A. Defendant Highmark  including CB PPO, acquires and maintains control over most of the
     PPO in-network  and various subdivisions for violations of 18 USC §1962(b) to §1968(a)
     et seq;
  B. Conduct and relationships of defendant Highmark  and other related entities are
     violations of 18 USC §1962(c)   to  §1968(a) et seq;

134) Defendant Highmark  engaged in "Predicate acts" that caused harm to the plaintiff,
pursuant to  18 USC §1964(c) and 18 USC §1961 et seq.'

  A. Partial list of predicate acts and pattern of conduct of defendants, include, but not limited
     to the following:
       1)  Pattern : Misuse of Peer Review Privilege Act (PRPA)

**44**

Defendant Highmark exploits PRPA review privileges to hide bad faith acts ;deeds and racketeering activities from discovery , similar to the case of in *Yocabet V UPMC ,119 A.3d 1012 , GD11-19112;*

    a) Having an attorney present in management meetings, to claim " attorney client privilege ", such that the minutes of the meeting are not available for discovery;

    b) Use of Non Profit status to further racketeering activities

    c) Mail &Wire fraud; See Para 20 to para 139. supra;

    d) Use of call centers , with purposely trained staff whose main function is to subject callers to a series of security checks, after which these staff provide little or no substantive answers or actions; See para 10 ro para `31 supra;

e) Ownership of Hospitals and specialized clinics, directly or indirectly for the purposes of vertical integration , to maximize revenue from Medicare;

f) Use of untrained or poorly trained call center employees to deny services to enrollees, by use of bureaucratic methods, word games etc;

g) Defendant Highmark had NO reasonable nor unbiased grievance process that safeguards the interests of the plaintiff and enrollees . There is no way to know if the call center actually submitted the grievance to a " secret grievance committee"

h) The complaint and grievance committee is made up of employees who make self serving determinations that favor defendant;

Plaintiff has no representation or presence in the complaint and grievance process; Defendants grievance process does not have a tracking number or code for the plaintiff or enrollee or even the defendants call center employees to know the status of a grievance complaint;

It is to the defendant's monetary benefit to deny enrollee's claim and grievances;

i) Defendants benefit by forcing enrollees to start a long drawn out appeal process that can take more than five years; During the five level appeal process there is no judicial review of any denials by Medicare for appeal levels 1 to 4;

j) Defendant Highmark does not have a credible appeal process of their own, which itself is a violation of the defendant DHHS Medicare advantage HMO plan contract with defendant Highmak and CB PPO;

k) Deliberate ignorance by defendants and employees benefited defendants , including defendant Highmark. Defendants' employees often made a sport of security checks, but remained anonymous, by not providing their actual name, employee number, or tracking number for the issues raised by plaintiff;

Call Center employees are often engaged in bureaucratic tactics of transferring plaintiff to other departments, which often were dead ends with just electronic message machines;

And call records are not given to plaintiff/ patients under the pretext that these patient records are private business records of the defendant;

l) Defendant Highmark does not maintain a physical office to which plaintiff or enrollee can visit to submit their grievance in person to a live non anonymous customer service representative, and be given an affirmative tracking number to track the progress of their grievances. This strategy of defendants, of not having a physical office, helps defendants to deny claims. This

technique of claim denial by placing obstruction is a predicate act that enriches defendants, particularly defendant Highmark;

Predicate act of Mail Fraud,

135) Defendant Highmark and Highmark Group have a scheme whereby the plaintiff is not told the cost of the procedures to be performed. The employees interacting with the plaintiff themselves have no clue as to what the cost of procedures will actually be billed to the plaintiff or enrollees. About 60 days later plaintiff/patient will receive a large computer generated bill outlining the cost for each procedure and associated co-payments;

- A. These bills have numerous procedure codes ( CPT Codes ) even for a simple office visit and must be paid as stated. Corrections of billing errors are an onerous process that takes numerous calls to the Highmark  member services group Call centers,
- B. Highmark's  billing system is an antiquated legacy system. And the call center staff often make mistakes explaining the bills due to the fact that employees themselves are not familiar with the billing system and have to call a secret ( behind the scene)  billing group for explanations;
    - a. And the employees at the call Center have to log into a different computer system to answer the plaintiff's question;

135.5) Billing for services not provided and/or exaggerating the scope of healthcare services by use of procedure codes. This type of predicate act is often called  "procedure  code mining " to get the maximum revenue for simple  healthcare services ;

- A. Then there are other abusive  practices such as " Surprise billing " , and  " Balance Billing:". billing by third party providers who are NOT part of the Highmark " in network". And there are many other
- B. Abusive billing and collection practices , inter alia.

Wire Fraud: Use of Call Centers:

136) Defendant Highmark's  use of call centers staffed by  minimally trained staff as the front door. Plaintiff and all enrollees have to interact with Highmark through its member services  Call Center;

- A. Plaintiff's complaint is based on more than 20 calls to theHighmark call center with request to provide the covered Medicare Advantage services;
- B. Call Center staff often hang up  or transfer plaintiff's call to other locations that do NOT answer, but just have an electronic message machine;
- C. Call Center refused to provide plaintiff with all the notes and call log regarding plaintiff's interaction with the Call Center;

137)  Defendants' use of Electronic Document interchange system that blocks plaintiff/patients to have  access to the system to make affirmative direct entry of healthcare claims or grievances;

Hence defendants can benefit from RICO like practices, that deny benefits to the plaintiff, by using ineffective or poor quality Call Center Services;

 Defendants refuse to provide information gathered from plaintiff/patients during calls to the Call Centers;

46

A. Defendants  Highmark refused to provide plaintiff, the self serving notes entered into plaintiff's accounts, under the pretext that these plaintiff's records are exclusively owned by defendants;

B. Defendants have not given any statutory or legal basis for refusing to provide plaintiff with the business records retained by member services of Highmark;

C. Defendant Highmark  call center staff have unlawfully asserted  Peer Review privilege in refusing to provide plaintiff details on grievances regarding defendants' failure to provide claims for treatment;;

### Defendant  Highmark's   Flawed Complaint and  Grievance Process :  pursuant to 42 CFR 422.560 to 634:

138) When Plaintiff files a grievance plaintiff is not provided a copy of the evidence that was framed by Highmark's agent. There is No Tracking number   to track the progress or lack of progress of a particular grievance;

A. There is no assurance that the grievance is actually submitted for consideration by the secretive grievance committee. See 42 CFR 422.564 et seq;

B. The Grievance Committee is made up of employees of  Highmark;
   a. The Grievance committee itself is secretive, without credible oversight or accountability;

C. Defendants often do not provide feedback after a grievance  has been filed other than unsigned form letters;
   a.  Plaintiff did NOT receive any resolution to these grievances;

     The Call Center representative confirmed to the plaintiff, that the call center computer has no ability to mail a copy of the grievance to the plaintiff by email or US Mail;

D. Defendant's grievances processing method is in violation of Medicare standards for grievance  processing  pursuant to 42 USC 1395 et seq; and related CFR regulations, 42 CFR 422.354 to 634;

E. Defendant Highmark  Call Center is a predicate act for RICO violations;

### Predicate act of Not having a Physical office,

139) This  helps defendant Highmark  in Mail and Wire Fraud:

A. Defendant Highmark  do  not maintain a physical  office to which plaintiff or enrollees can visit to submit their grievances in person to a live non anonymous customer service representative, and be given an affirmative tracking number to track the progress of their grievances;

B. This strategy of defendants', of not having a physical office, helps defendants to deny claims. This technique of claim denial by placing obstruction is a predicate act that enriches defendant Highmark;

140)  Defendant Highmark will benefit substantially by not providing healthcare benefits even to a small percentage of enrollees;

a) <u>Defendant Highmark is a Self dealing</u> organization. Highmark uses RICO type schemes of self dealing, by owning and controlling in-network PPO and Insurance business;

Defendants Use trainees, students, student residents, and low paid nurses, to perform medical procedures, whose work product is billed at a higher specialist hourly rate.

A. This practise of using trainees, students, and volunteers is very profitable for all defendants;
B. And at the same time it is harmful to the plaintiff, who is treated by trainees , who are not qualified;

Pattern of RICO predicate acts:

142) Defendant Highmark engaged in a pattern of use of predicate acts outlined above to violate the RICO statutes  18 UC §1961 et seq  to §1965 et seq;.

A. These violations of the RICO Statutes and Medicare statutes amounts to a massive Medicare fraud and scam in Plain sight;
B. Defendant Highmark  engaged in the above-mentioned predicate acts and other unknown  predicate acts in violation of RICO and Medicare <u>Advantage statutes</u> to harm the plaintiff .
C. Pattern of violation of RICO statutes has been practiced by defendant Highmark  over a long period of time and continues to the present time.
D. Defendant will continue these  violations of the RICO statutes and Medicare Statutes;
E. And Defendant Highmark  will continue these RICO Violations into the future unless stopped by this court;

143)  Execution of the scheme, and use of the above mentioned predicate acts   are interrelated and  have the same type of victims, participants and methods of commissions;

A. Violations of the RICO statutes by defendant Highmark and CB PPO , have caused harm to Plaintiff, and  the community in general;
B. Defendants BVR and E&H  participated in defendant Highmarh's PPO  to further Highmark;s RICO scheme.

144) WHEREFORE,  Plaintiff respectfully requests this honorable Court to enter judgment against  defendants Highmark and Highmark Group ,  for relief that including but not limited to :

1) Compensatory damages;
2) Treble damages  as per RICO Statutes against defendants Highmark;
3) Punitive damages to correct unprofessional conduct by defendant Highmark
4) Vicarious liability due to defendant Highmark Group;
5) Any and all costs, court costs, service fees, collection costs, attorney fees,Administrative costs,  and any and all related costs;
6) And provide relief to the plaintiff for an amount exceeding the statutory minimum of $50,000;

**COUNT  39**

**VIOLATION OF Administrative Procedure Act 5 USC §706 et Seq for arbitrary , capricious and self serving decisions**

**Against Defendant Highmark and Highmark  Group**

48

145)   Plaintiff incorporates herein by reference the allegations contained

in paragraphs 1- 31 and 86 tp 144  as though restated herein

146) Defendant Highmark  grievance and complaint   decision making **pro**cess  are  in violation
of the abuse of their ministerial function which were performed  in secrecy by  nameless persons
who were NOT under Oath to uphold the Social Security Act title XVIII benefits and
constitutional rights of the plaintiff;

   I.   The decisions of these appeal and greviance  committees of nameless persons, were
      unsigned form letters;

   II.   Hence these appeal and grievance  decisions  are arbitrary, capricious and biased  in
      favor of the defendants;

   III.   Defendant Highmark's  conduct in the appeal and grievance  process  are also in
      violation of the following:

        A.  5 USC §706 et seq;

        **B.** 5 USC § 701. Application; definitions

        C. 5 USC § 702. Right of review

        D. 5 USC § 703. Form and venue of proceeding

        E. 5 USC § 704. Actions reviewable

        F.  5 USC § 705. Relief pending review

        G. 5 USC § 706. Scope of review

   IV.   Defendants Highmark's grievance committees   acted in lock-step and simply
      affirmed the level I decision to deny plaintiff's appeal that was not based on
      the Medicare appeal process, but according to the profit motive;

        A. Defendant  Highmark makes more PROFITS IF BENEFITS ARE DENIED
          TO ENROLLEES;

145) WHEREFORE,  the plaintiff respectfully requests this honorable Court to enter judgment
against each defendant  Highmark  individually and severally , including but not limited to :

   1) Compensatory damages;
   2) Treble damages  as per Negligence and  UTPCPL
   3) Vicarious liability and damages due to all other  defendants
   4) Punitive damages to deter misconduct  and  unfair trade practice by the defendant
      Highmark;
   5) Any and all costs, court costs, service fees, collection costs,
      attorney fees,administrative costs  and any and all related costs;
   6) Enhanced penalties against defendant Highmark  for  negligence, stonewalling and
      unlawful use of soveriegn  immuinty clause , for each of the above plaintiff's damage
      claims;
   7) And provide relief to the plaintiff for an amount exceeding the statutory minimum of
      $50,00

**49**

## CONCLUSIONS:

Based on the material facts and reasons given above in the complaint, defendants BVR, E&H , Highmark and Complete Blue PPO benefited from providing poor  or no service under the Medicare Advantage Plan of the Social Security Act of the USA.
 Plaintiff has given detailed averments and statement of facts that meets the heightened requirements of Pa RCP 1019,  1028(a)(2) and 1028(a)(4);
This court must find all counts against all defendants in favor of the plaintiff, which will benefit all senior citizens in the USA.

**WHEREFORE, plaintiff humbly requests this honorable Court to rule in favor of the plaintiff for all counts against  all the defendants.**
Respectfully Submitted,

*s/ John F Kodenkandeth, Plaintiff*

John F Kodenkadith

50

IN COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| JOHN F. KODENKANDETH | ) CIVIL DIVISION |
| | ) |
| Plaintiff | ) DOCKET NO : GD23- |
| | ) |
| BLIND & VISION REHABILITATION | ) CIVIL COMPLAINT |
| OF PITTSBURGH | ) |
| Ms Erika Petach, CEO | ) |
| EVERETT & HURITE | ) |
| HIGHMARK Health | ) |
| DEFENDANTS | ) |

## ORDER OF COURT

And now to wit, on this day _____ 2024, upon consideration of plaintiff's complaint, it is ORDERED AND DECREED , that the court finds for the plaintiff's counts in the plaintiff's complaint, against all defendants are granted in favor of the plaintiff as follows:

1) Plaintiff's counts 1 to counts 14 against defendants Blind Vision Rehabilitation of Pittsburgh and Ms Erika Petach are granted in favor of the plaintiff;
2) Plaintiff's counts 15 to 24 against defendant Everett & Hurite are granted in favor of the plaintiff;
3) Plaintiff's counts 25 to 39 against defendant Highmark and Highmark Group Granted in favor of the plaintiff;

SO ORDERED BY THE COURT,

_____

51

**Supreme Court of Pennsylvania**

**Court of Common Pleas**
**Civil Cover Sheet**

_____ **County**

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | TIME STAMP |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**S E C T I O N A**

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name: JOHN F. Kostandeth.

Lead Defendant's Name: HIGHMARK Health, et al.

Are money damages requested? [X] Yes  [ ] No

Dollar Amount Requested: (check one)  [ ] within arbitration limits  [X] outside arbitration limits

Is this a *Class Action Suit*?  [ ] Yes  [X] No

Is this an *MDJ Appeal*?  [ ] Yes  [X] No

Name of Plaintiff/Appellant's Attorney: _____

- [ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**S E C T I O N B**

**Nature of the Case:**   Place an "X" to the left of the ONE case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [X] Other: TORT Negligence

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- _____
- _____
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- _____
- _____
- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- _____
- _____
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

*Updated 1/1/2011*