IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN F. KODENKANDETH,<br><br>Plaintiff,<br>v.<br><br>BLIND & VISION REHABILITATION OF PITTSBURGH, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 23-2051<br>Judge Cathy Bissoon |

**MEMORANDUM AND ORDER**

## I. MEMORANDUM

For the reasons that follow, Defendants' Motions to Dismiss (Docs. 9, 12 & 15) filed by Blind & Vision Rehabilitation Services and Erika Petach (collectively, "BVRS"), Everett & Hurite ("E&H"), and Highmark Health will be denied in part and granted in part. Additionally, *pro se* Plaintiff John F. Kodenkandeth's Motion to Stay all Defendants' Motions to Dismiss (Doc. 19), Motion to Remand (Doc. 22), Motion for Default Judgment (Doc. 49), Motions to Strike Defendants' Motions to Dismiss (Docs. 32, 34–36, 53–54 & 56) and Motion to Strike BVRS's Response (Doc. 56) will be denied. Finally, Mr. Kodenkandeth's Motion for Leave to File an Amended Complaint (Doc. 41) and Defendants Highmark Health's and BVRS's Motions to Strike Reply (Docs. 50–51) will be denied as moot. The Court first will address the motions to dismiss then the remaining motions.

### A. Dismissal of the Complaint is Not Warranted Pursuant to Rule 12(b)(5), as There is a Reasonable Prospect that Service May Yet be Obtained.

The Court agrees with Defendants and finds that service of the Complaint was insufficient pursuant to Federal Rule of Civil Procedure 12(b)(5). "Both the federal and [Pennsylvania] state rules require service of original process to be accomplished by an adult who

is not a party to the action." Kornea v. J.S.D. Mgmt., Inc., 336 F. Supp. 3d 505, 510 (E.D. Pa. 2018) (citations omitted). "There is no exception for this rule for service effectuated via mail or when the Plaintiff is *pro se*." *Id*. Here, in all his attempts, Mr. Kodenkandeth either personally delivered or mailed the Complaint to the Defendants, in contravention of the rules governing service of process. *Compare* Compl. 2 (indicating that Mr. Kodenkandeth personally served the Complaint to Defendants); Mot. Remand Br. (representing that Mr. Kodenkandeth hand-delivered or mailed the Complaint) *with* Fed. R. Civ. P. 4 (requiring a non-party to serve the summons and complaint); Pa. R.C.P. 400(a) ("[O]riginal process shall be served within the Commonwealth only by the sheriff."); Pa. R.C.P. 424 (requiring original process be made upon corporations by serving a copy to an executive, manager or authorized agent).

However, the service failures described by Defendants are technical, and there is a reasonable prospect that service may yet be obtained. Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992). Mr. Kodenkandeth clearly is attempting to proceed with this litigation despite his failure to request an extension to effectuate service and non-compliance with both the federal and state rules governing service of process. Accordingly, Mr. Kodenkandeth will be afforded an opportunity to either properly serve the summons and complaint or obtain Defendants' agreement to waive service.

For these reasons, Defendants' respective motions to dismiss pursuant to Rule 12(b)(5) are denied in this regard. Nonetheless, as discussed *infra*, the Court has concluded that Mr. Kodenkandeth's federal claims will be dismissed for failure to state a claim.

**B. Mr. Kodenkandeth Fails to State a Claim Pursuant to Rule 12(b)(6)**.

Defendants' respective Motions to Dismiss (Docs. 9, 12 & 15) pursuant to Rule 12(b)(6) are granted. The Court only will address Mr. Kodenkandeth's federal claims.[1]

Mr. Kodenkandeth fails to plead sufficient facts to a support a claim pursuant to 42 U.S.C. § 1983 or Title VI of the Civil Rights Act of 1964 (Counts 7 & 33). Mr. Kodenkandeth's conclusory averments that Defendant "Petach's act of denial of service to [him] for asking [D]efendant BVR[S] to correct the billing errors, is a retaliatory and discriminating act against a minority protected class senior citizen with disability," Compl. ¶ 50, and "unprofessional slanderous act" of speaking to Mr. Kodenkandeth "in an angry tone," *id*. at ¶ 49, hardly indicate that Defendants BVRS, Petach or Highmark caused Mr. Kodenkandeth harm because of his race, color or national origin. Moreover, Mr. Kodenkandeth alleges that Highmark is "acting on behalf of state and federal agency DHHS," *id*. at ¶ 110 (incorrectly listed as "¶ 106"), but these conclusory statements do not demonstrate — factual or otherwise — that Defendants are state actors, acting under the color of state law or that Mr. Kodenkandeth is an intended beneficiary of any federal assistance received by Defendants. As such, his § 1983 claim is ripe for dismissal. Thus, Mr. Kodenkandeth's § 1983 and Title VI claims are dismissed without prejudice.

Even under a liberal construction, Mr. Kodenkandeth's ADA claims (Counts 10, 20 & 32) fail from similar deficiencies. Mr. Kodenkandeth makes conclusory statements that Highmark "failed to accommodate for low vision, and hearing loss I their duines [*sic*] operations," Compl. ¶ 108, and how despite Mr. Kodenkandeth signing requisite forms during

[1] The Court declines to exercise supplemental jurisdiction over the remaining claims per 28 U.S.C. § 1367. Thus, Mr. Kodenkandeth's state law claims are dismissed without prejudice.

his office visit at BVRS, a "very rude," *id*. at ¶ 24, receptionist "declined to fill out about four forms that were very small fine print," *id*. These bare averments fail to provide a sufficient factual basis for a disability discrimination claim. *See generally* Compl.; *see also id*. at ¶¶ 56, 76 & 108 (failing to allege disability-based discrimination by public entities and public transportation; for public accommodations; in telecommunications or retaliation for exercising his rights under the ADA). Thus, Mr. Kodenkandeth's ADA claims are dismissed without prejudice.

Mr. Kodenkandeth's Stark Act and RICO claims (Counts 36 & 38) also fail. As to Mr. Kodenkandeth's Stark Act claim, the Complaint does not allege that Highmark was involved in any referral for health services, nor does it allege remuneration between a physician or health care provider. There also are no facts to support any elements of a RICO claim, as the Complaint does not allege any damage to Mr. Kodenkandeth's business or property. Rather, Mr. Kodenkandeth drones on about how Highmark's "predicate acts," Compl. ¶¶ 132–33, have caused him general harm by "us[ing] call centers, with purposely trained staff whose main function is to subject callers to a series of security checks, after which these staff provide little or no substantive answers or actions," Compl. ¶ 134, or how he has been harmed because there is "no way to know if the call center actually submitted the grievance to a 'secret grievance committee,'" *id*. The undersigned observes that if these very common occurrences gave rise to a federal cause of action, the Court would be flooded with claims. For these reasons, Mr. Kodenkandeth's Stark Act and RICO claims likewise are dismissed without prejudice.

Mr. Kodenkandeth brings a number of Medicare Advantage claims (Counts 8, 13, 19, 23, 27 & 35), but the face of the Complaint and exhibits do not show that he has exhausted his

administrative remedies. *See generally* Compl. Accordingly, Mr. Kodenkandeth's Medicare Advantage claims are dismissed without prejudice.

Finally, HIPAA does not create a private right of action, Beckett v. Grant, 2022 WL 485221, *3 (3d Cir. 2022), and APA "claims may be asserted only against federal agencies and their employees," Health Sci. Funding, LLC v. N.J. Div. of Human Servs., 2015 U.S. Dist. LEXIS 170499, at *3 (D.N.J. Dec. 21, 2015). Highmark is not a federal agency. Thus, Mr. Kodenkandeth's HIPAA and APA claims (Counts 5 & 39) are dismissed with prejudice.

**C. Mr. Kodenkandeth's Various Motions (Docs. 19, 22, 49, 32, 34-36, 41, 53-54, 56) and Highmark Health's and BVRS's Motions to Strike (Docs. 50-51).**

Mr. Kodenkandeth has filed a litany of motions, each of which will be discussed in turn.

Mr. Kodenkandeth's Motion to Stay all Defendants' Motions to Dismiss (Doc. 19) and Motion to Remand (Doc. 22) are denied. Mr. Kodenkandeth requests the Court to stay the disposition of Defendants' motions to dismiss and for remand, basing these motions on the claim that only Highmark filed a notice of removal in Allegheny County Court of Common Pleas and such notice of removal was improper. *See* Mot. to Stay ¶¶ 5–8; Mot. Remand Br. (Doc. 23) at ¶¶ 4–5. As Defendants point out, removal was in accordance with federal statutes governing removal, *see* E&H Mot. Stay Resp. (Doc. 20) at 5–8; BVRS Mot. to Stay Resp. (Doc. 21) at 7–8; Highmark Mot. Stay Resp. (Doc. 24) at 5–6; E&H Mot. Remand Resp. (Doc. 25) at 3–5; BVRS Mot. Remand Resp. (Doc. 27) at 8–14; Highmark Mot. Remand Resp. (Doc. 26) at 5–6; 28 U.S.C. §§ 1331, 1441, 1446 (requiring a timely filed notice of removal and defendants' consent), and for these same reasons, the Court finds Defendants have carried their burden in establishing that the case was properly removed, Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992), given federal question jurisdiction existed as Mr. Kodenkandeth pleaded a

number of federal claims against Defendants, E&H Mot. Remand Resp. (Doc. 25) at 3–5; BVRS Mot. Remand Resp. (Doc. 27) at 8–14; Highmark Mot. Remand Resp. (Doc. 26) at 5–6.

Moreover, the Court rejects Mr. Kodenkandeth's default judgment argument related to Defendants, as the 10-day notice of intent to file a notice of default was filed pursuant to Pa. R.C.P. 237.1, in Allegheny County Court of Common Pleas, and was filed after removal. *See* E&H Mot. to Stay Resp. 2–5; BVRS Mot. to Stay Resp. 4–7; Highmark Mot. Stay Resp. 5–6. Similarly, and quite oddly, Mr. Kodenkandeth moves for default judgment against non-parties (*i.e.*, "UPMC d/b/a Vision Institute"; "Maximus d/b/a Maximus Federal services"; "Secretary, Dept [*sic*] of Health & Human Services") for failing to respond to his motion for leave to amend the Complaint. *See generally* Kodenkandeth Mot. Default J. (Doc. 49). For these reasons, Mr. Kodenkandeth's default judgment arguments are rejected, and his Motion for Default Judgment is denied, with prejudice.

Mr. Kodenkandeth's motions to strike (Docs. 32, 34–36, 53–54 & 56) similarly are denied. Other than expressing general dissatisfaction with Defendants' arguments, Mr. Kodenkandeth has failed to demonstrate how Defendants' respective filings include insufficient defenses or any redundant, immaterial, impertinent or scandalous material. Also, Mr. Kodenkandeth requests sanctions for, *inter alia*, Defendants "referring to the plaintiff as Pro Se" because it is allegedly "pejorative," Kodenkandeth Mot. Sanctions (Doc. 56) at ¶¶ 7, and Defendants' reference to Mr. Kodenkandeth's filings as "frivolous, baseless, meritless" is a "demeaning label[]," *id*. at ¶¶ 11, 13 & 15. First, Mr. Kodenkandeth fails to cite sufficient law or facts in support of his argument and cannot be awarded sanctions simply because he says so. Second, these arguments are meritless on their face. *Pro se* status simply conveys that someone is unrepresented — it is not pejorative. Second, that Defendants believe Plaintiff's filings to be

frivolous, baseless or meritless, is their opinion. Thus, Mr. Kodenkandeth's motions to strike are denied, and his requests for sanctions summarily are rejected, with prejudice.

Finally, while the Court finds it difficult to imagine that Plaintiff's claims will fare better if given leave to amend, out of an abundance of caution, the Court will grant Plaintiff one final opportunity to perfect service of the complaint and his claims that have not been dismissed with prejudice. Thus, Mr. Kodenkandeth's Motion for Leave to File an Amended Complaint (Doc. 41) and Highmark Health's and BVRS's Motions to Strike Reply to Response for Motion for Leave to Amend Complaint (Docs. 50–51) are denied as moot.

## II. ORDER

Consistent with the foregoing, Defendants' Motions to Dismiss (**Docs. 9, 12 & 15**) filed by Blind & Vision Rehabilitation Services and Erika Petach (collectively, "BVRS"), Everett & Hurite ("E&H"), and Highmark Health are **DENIED IN PART** and **GRANTED IN PART**, as follows. Defendants' respective motions to dismiss pursuant to Rule 12(b)(5) are **DENIED**. However, Defendants' motions to dismiss per Rule 12(b)(6) are **GRANTED**. Plaintiff John A. Kodenkandeth's HIPAA and APA claims (Counts 5 & 39) are **DISMISSED WITH PREJUDICE**. Plaintiff's remaining federal claims (Counts 7, 8, 10, 13, 20, 23, 27, 32–33, 35–36, 38–39) are **DISMISSED WITHOUT PREJUDICE**.

It is FURTHER ORDERED Plaintiff's Motion to Stay all Defendants' Motions to Dismiss (**Doc. 19**) and Motion to Remand (**Doc. 22**) are **DENIED**. Similarly, Plaintiff's Motion for Default Judgment (**Doc. 49**), Motions to Strike Defendants' Motions to Dismiss (**Docs. 32, 34–36, 53–54**) and Motion to Strike BVRS's Response in Opposition (**Doc. 56**) are **DENIED WITH PREJUDICE**. Finally, Plaintiff's Motions for Leave to File an Amended Complaint

(**Doc. 41**) and Defendants Highmark Health's and BVRS's Motions to Strike (**Docs. 50–51**) are **DENIED** as **MOOT**.

The Court will grant Plaintiff one final opportunity to perfect service and address the shortcomings of the original complaint, insofar as his claims were not dismissed with prejudice. If no amended complaint is properly served on all Defendants by **October 10, 2024**, dismissal of Plaintiff's federal claims summarily will be converted to a dismissal with-prejudice, and the Court will not exercise jurisdiction over Plaintiff's state law claims. In his amended complaint, Plaintiff must make his last, best efforts to plead legally supportable claims against relevant parties. No further opportunity for amendment will be afforded.

IT IS SO ORDERED.

September 19, 2024

s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via First-Class U.S. Mail):

John F. Kodenkandeth
1926 Pauline Ave.
Apt. 406
Pittsburgh, PA 15216

cc (via ECF email notification):

All Counsel of Record