IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN F. KODENKANDETH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:23-cv-02051-CB |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| BLIND & VISION REHABILITATION OF PITTSBURGH, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

### I.  MEMORANDUM

For the reasons that follow, Defendants' Motions to Dismiss (Docs. 74, 76 & 79) filed by Blind & Vision Rehabilitation Services and Erika Petach (collectively, "BVRS"), Everett & Hurite ("E&H") and Highmark Health ("Highmark") are granted.  *Pro se* Plaintiff John F. Kodenkandeth's Amended Complaint will be dismissed with prejudice.  Additionally, Mr. Kodenkandeth's Motions to Strike (Docs. 85–87, 91–93 & 103) are denied, as are his Motions for Joinder (Docs. 84 & 106).  Finally, Mr. Kodenkandeth's Motions for Default Judgment (Docs. 94–99) and Motion for Sanctions (Doc. 104) are denied.

On September 19, 2024, the Court afforded Mr. Kodenkandeth "one final opportunity to perfect service and address the shortcoming of the original complaint, insofar as his claims were not dismissed with prejudice."  *See* Mem. Order dated Sept. 19, 2024 (Doc. 59); *see also* Order dated Sept. 24, 2024 (Doc. 61).  Mr. Kodenkandeth was warned that a failure to effectuate service and perfect his claims would result in those claims being summarily dismissed with prejudice.  Notwithstanding these warnings, Mr. Kodenkandeth has failed to satisfy either requirement and, as such, the Amended Complaint will be dismissed with prejudice under

Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). *See generally* Highmark Br. (Doc. 75); BVR (Doc. 82); E&H (Doc. 80). The Court only will address Mr. Kodenkandeth's federal claims.

Although Mr. Kodenkandeth brings a number of Medicare Advantage regulation claims (Counts 8, 13, 27 & 35), the regulation does not support a private right of action. *See* Highmark Br. 10 (citing cases). Accordingly, Mr. Kodenkandeth's Medicare Advantage regulation claims are dismissed with prejudice.[1]

Mr. Kodenkandeth's re-asserted ADA claims (Counts 10, 20 & 32) rely on the same conclusory statements that Defendants provided "little or no accommodation for low vision, and hearing loss," *see* Am. Compl. ¶¶ 108; *see also* ¶¶ 56, 76, which was fatal then, as it is now, to Mr. Kodenkandeth's disability discrimination claims. For substantially the same reasons outlined in the Court's prior Memorandum Order, *see* Mem. Order dated September 19, 2024, and incorporated herein, Mr. Kodenkandeth's ADA claims are dismissed with prejudice.

Mr. Kodenkandeth, once again, makes no allegations, factual or otherwise, that Highmark or BVR are state actors, or acting under the color of state law, and his Section 1983 claim, therefore, is ripe for dismissal. Mr. Kodenkandeth also has failed to assert any facts establishing (or even suggesting) that he is an intended beneficiary of any federal assistance received by Highmark or BVR, rendering his claim under Section 2000(d) not cognizable. Accordingly, Mr. Kodenkandeth's Section 1983 claims (Counts 7, 33) are dismissed with prejudice.

---

[1] Counts 9, 41, 43–45, 76–77, 85 and 86 of the Amended Complaint are "functional equivalents of counts that were previously dismissed in the original Complaint," *see* Highmark Br. 8 (providing comparison); *see also* BVRS Br. 16, and, will therefore be dismissed. Similarly, even under the most liberal construction, Counts 40, 42, 67–75, 78–81 and 84 fail to satisfy Rule 8, *see* Highmark Br. 8–9 (arguing persuasively that the counts are "rambling and unclear" to decipher or meaningfully respond); BVRS 8–9 (same); E&H 14–15 (same), and will also be dismissed.

Mr. Kodenkandeth's re-asserted Stark Act and RICO claims remain unsupported. Again, there are no facts to support any elements of a Stark Act claim, as the Amended Complaint does not allege that Highmark was involved in any referral for health services or renumeration between a physician or a health care provider. As to Mr. Kodenkandeth's RICO claims, the Amended Complaint does not contain any allegations regarding any "indictable" act under federal mail and wire fraud statutes. As such, Counts 36 and 38 are dismissed with prejudice.

Mr. Kodenkandeth's Motions for Default Judgment (Docs. 94–99) also are denied. Mr. Kodenkandeth makes baseless allegations that Defendant Highmark failed to respond to the Amended Complaint, whose attorneys have an "odor of mendacity," *see* Highmark Mot. Default J. (Doc. 94) at 2, and copies and pastes these same allegations against non-parties, *see* Mots. Default J. (Docs. 95–99) at 2. For obvious reasons, Mr. Kodenkandeth's default judgment arguments are rejected because they are not factual, and his Motions for Default Judgment are denied with prejudice.

Mr. Kodenkandeth's Motions to Strike (Docs. 85–87, 91–93, 103) are denied. Mr. Kodenkandeth, once again, elects to use his motions to strike as a vehicle to respond to Defendants' submissions but also to express his general dissatisfaction with Defendants' arguments. *See generally* Mots. Strike (Docs. 85–87, 91–93, 103). These submissions are non-responsive, and they are denied as Mr. Kodenkandeth, once again, has failed to demonstrate how Defendants' respective filings include insufficient defenses or any redundant, immaterial, impertinent or scandalous material.

Mr. Kodenkandeth moves for sanctions for what he claims are 19 "Sanctionable Event[s]," *see generally* Mot. Sanctions (Doc. 104), against Defendants, certain attorneys and non-parties. He claims, *inter alia*, that these parties have been "ENGAG[ING] IN RACIST

PROPAGANDA TO GAS LIGHT THE PRO SE PLAINTIFF," *id.* at 1, and have been "coordinat[ing to] swarm filings against the plaintiff to overwhelm the plaintiff," *id.* These allegations are meritless on their face as they are not grounded in law or facts. Sanctions may not be awarded based on spurious allegations. Moreover, the "swarm" filings, as Plaintiff calls them, are a result of Defendants' shared deadlines. The Court declines the invitation to impose sanctions on Defendants for defending against Plaintiff's meritless claims.

Mr. Kodenkandeth's Motions for Joinder (Docs. 84 & 106) are denied. Mr. Kodenkandeth has failed to provide sufficient facts that any of the listed entities or individuals are appropriately subject to joinder. The allegations made as to these prospective defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences or common question of law or fact as those surrounding Mr. Kodenkandeth's hearing aids. Thus, these Motions are denied.[2]

## II. ORDER

Consistent with the foregoing, Defendants' Motions to Dismiss (Docs. 74 76 & 79) filed by Blind & Vision Rehabilitation Services and Erika Petach (collectively, "BVRS"), Everett & Hurite ("E&H"), and Highmark Health ("Highmark") pursuant to Rule 12(b)(5) and Rule 12(b)(6) are **GRANTED**. Plaintiff John F. Kodenkandeth's Amended Complaint is **DISMISSED WITH PREJUDICE**. Mr. Kodenkandeth's Motions to Strike (Docs. 85–87, 91–93 & 103) will be denied, as well as his Motions for Joinder (Docs. 84 & 106). Mr. Kodenkandeth's Motions for Default Judgment (Docs. 94–99) and Motion for Sanctions (Doc. 104) will be denied. Finally, the Court declines to exercise supplemental jurisdiction over the remaining claims per 28 U.S.C. § 1367.

IT IS SO ORDERED.

---

[2] Mr. Kodenkandeth's asserted claims against non-parties (Counts 46-66, 82, 83 & 86) summarily are dismissed.

June 30, 2025                                         s/Cathy Bissoon
                                                      Cathy Bissoon
cc (via First-Class U.S. Mail):                       United States District Judge

John F. Kodenkandeth
1926 Pauline Ave.
Apt. 406
Pittsburgh, PA 15216

cc (via ECF email notification):

All Counsel of Record